(28 Misc. Rep. 599.)

### In re JONES' ESTATE.

(Surrogate's Court, New York County. July, 1899.)

1. ACCOUNTING BY EXECUTOR—COUNSEL FEES.
When the question of compensation of an attorney for an estate is presented, his ability and success in litigation are not the only elements to be considered, but the size of the estate plays an important part.

2. SAME.
Where able counsel, employed by an executor of an estate worth only $8,000, rendered valuable professional services in litigation connected with the estate, requiring much time and labor, a fee of $4,000 was excessive, and $2,000 was allowed by the court as a reasonable fee.

In the matter of the settlement of the account of Addison O'Neill, as executor, etc., of Agnes Livingston Jones, deceased.  Exceptions to report of referee overruled.

Booraem, Hamilton & Beckett, for executor.
Thomas M. Tyng, special guardian.

VARNUM, S.    This is one of the undecided matters of Surrogate ARNOLD.    The main question presented by the exceptions to the referee's report relates to the charges made to the accountant by his attorneys.    A very bitter personal controversy between the special guardian, who raises this issue, and these attorneys has arisen, and I have, in consequence, been burdened with briefs that were unnecessarily lengthy.    I am convinced that the professional services that were rendered were characterized by skill and ability.    The attorneys consumed much time in the performance of their duties, and their efforts were generally successful.    If only a question of the character of the services were before me, I should say that they were probably worth the amount that was paid by the estate.    But it seems to me that, when the question of compensation of an attorney is presented to this court, the ability of counsel and his success in litigation are not the only elements to be considered.    The size of the estate must necessarily play an important part.    The amount involved in a civil action is properly taken in consideration in determining the value of a lawyer's services (Randall v. Packard, 142 N. Y. 47, 56, 36 N. E. 823;  People v. Bond St. Sav. Bank, 10 Abb. N. C. 15), and this test is peculiarly applicable in this court, whose duty it is to conserve estates, and see that the persons interested therein obtain their just dues.    The estate herein was a small one, amounting to about $8,000, and the fees paid to the attorneys of the executor amount to about one-half of this sum.    In view of all the attendant circumstances, I am of the opinion that, in spite of the arduous services rendered, the sums charged were excessive.    If attorneys who receive large fees for their time and labor care to engage in the litigation of a small estate, they must be satisfied with correspondingly small remuneration.    The amounts paid to the attorneys of the accountant, which are objected to, will only be allowed to the extent of one-half.    Furthermore, I see no reason why the costs herein should be borne by the contestant personally, and the motion to that effect is denied.    In all other respects the exceptions filed are overruled, and the referee's report will be confirmed.

Exceptions overruled, and report confirmed.