CLYDE D. LEE *et al.*

*v.*

MARIA LOMAX.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

EVIDENCE—*testimony of attorneys as to the reasonableness of charges is not binding on the court.* Testimony of attorneys as to the reasonableness of another attorney's charges is in the nature of opinions and is not binding upon the court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

J. S. McCLURE, for appellants.

VAIL & PAIN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Maria Lomax, filed her bill in the circuit court of Cook county against appellants, Clyde D. Lee, Bernard L. Lee and F. B. Schuchardt, a firm of attorneys, to compel the surrender of her papers, upon which they claimed a lien for attorneys' fees, and for an accounting, and to enjoin them from prosecuting a suit against her for such fees. The defendants answered, admitting that they had acted as the complainant's attorneys, claiming that she was largely indebted to them for legal services, and alleging that they had rendered a bill to her for $1400 for fees and had commenced a suit at law to compel payment. A replication having been filed, the cause was referred to a master in chancery. Complainant's claim on the accounting before the master consisted of a promissory note upon which there was $312.84 due and which was not in dispute. Defendants' account presented to the master consisted of three charges: one of $750 for two suits commenced against the Chicago Consolidated Bottling Company for rent, upon which charge $200 had been paid; $500 for examining titles and preparing to begin a suit for partition, and $50 for placing two children in an orphans' home. The amount claimed to be due on these three charges was $1050, and that was the amount in controversy in the suit. The master gave defendants credit for the charge of $50 for placing the children in the orphans' home, and no objection or exception to that allowance was filed by the complainant. The master disallowed the other items, and after deducting $50 from the amount due on the note, reported a balance due complainant of $262.84. The court sustained exceptions of the defendants to the report,

and allowed to them for fees the exact amount due on the note so as to balance the accounts, and ordered the note canceled and the costs equally divided between the parties. The complainant appealed to the Appellate Court, and that court reversed the decree and remanded the cause, with directions to overrule the exceptions to the report of the master and to enter a decree in accordance with the report and for costs of the suit.

After the death of her husband complainant employed defendants as her attorneys to attend to her interests, and they acted as such from December 18, 1899, until discharged. She made frequent payments to them of various amounts for their services, for which they gave receipts, amounting in all to $853.25 up to February 15, 1902. The receipts given on the 15th days of September, October, November and December, 1901, and January and February, 1902, were in full for all services up to the dates of said receipts, respectively. After those receipts were given defendants commenced a suit for complainant in one of the courts of Cook county against the Chicago Consolidated Bottling Company for rent, and on March 13, 1902, she paid them $100 and they gave her a receipt for their fee in the matter of the lease with said company and the suit to be instituted against said company for rent coming due. They commenced another suit in another court for the same subject matter, the only reason for which was, that having two suits the chances for an early trial would be better, and on May 28, 1902, the complainant again paid them $100 and they gave her a receipt for that amount for their fee in the case. She discharged them in August, 1902. Mr. Clyde D. Lee then stated that defendants had been paid in full for their services and that complainant did not owe them anything.

The fees for which the charges were made were for alleged research and investigation of the law with reference to bringing the suit against the bottling company for rent, and the examination of abstracts and titles with a view to

commencing a partition suit. Two attorneys, with a complaisance not unusual in such cases, testified that the charges were not unreasonable and the services were worth somewhat more than the charges. Evidence of that kind is admissible, but it is in the nature of opinions and generally influenced by a desire to be obliging and to conform to the views and wishes of brother attorneys, and it is never binding on the court. Courts are entirely capable of forming and exercising an independent judgment on the question. The two suits had been instituted but no results had been obtained, and there was nothing in the question, which was the same in both suits, requiring any extended research. The $200 paid for fees in those suits was ample compensation for all the services performed in relation to the rent or the suits. The charge of $500 was of the most general character and there was nothing substantial about it. It was claimed that a great amount of time and labor had been expended in getting information and determining questions of law preparatory to bringing the suit. Defendants had been acting as attorneys for the complainant, and in doing so had informed themselves as to her property and estate and had been paid for it. They had given many receipts in full for all legal services up to the dates of such receipts, and when they were discharged they understood they had been paid in full for all their services. We are satisfied with the conclusions of the master and the Appellate Court on that question. The decree of the circuit court had no basis in the evidence, and the judgment of the Appellate Court reversing it was correct.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*