In the Matter of the Estate of Alice C. Hoyman, Deceased.
Elmer B. Hoyman, Petitioner-Appellant, v. Aaron Soble, Respondent-Appellee.

Gen. No. 48,030.

First District, Third Division.
October 20, 1960.
Rehearing denied October 31, 1960.

Miller, Gorham, Wescott, and Adams, of Chicago, for appellant.

Otto W. Berg, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

On November 27, 1959, the Probate court of Cook county entered an order ex parte allowing Aaron

Soble, respondent, $15,000 as attorney's fees for defending the will contest of Hoyman v. The Northern Trust Company, et al. This appeal involves the propriety of that order and the refusal of the trial court to vacate the order and to hear the matter on its merits. We will in this opinion refer to Hoyman as petitioner and to Soble as respondent.

On December 3, 1959, petitioner presented a petition to vacate the order and charged among other things that the fees awarded were grossly excessive, representing in excess of 50% of the assets of decedent's estate in Illinois. Respondent filed an answer to the petition, averring that the reasonable fee for services in the trial of a will contest was $50 an hour for trial work and $25 an hour for office work; that respondent had spent 127 hours in the trial of the will contest and 357 hours in preparation therefor; that while the value of the estate in Cook county was only $29,000, there was in addition thereto $150,000 in real estate in the state of Iowa. Respondent admitted that the fee in part was based on the value of the real estate located in Iowa, but denied that it was improper to consider that real estate in determining the amount of fees to which he was entitled. Respondent also asserted that an agreement had been made for settlement of the will contest, and that one of the provisions in the agreement related to dismissal of the will contest filed in the Circuit court of Cook county and another suit filed by petitioner in the state of Iowa. Respondent's answer also averred that attorneys for petitioner were present when the matter was set for hearing for November 27, 1959, and that no diligence was shown and no reason given why they did not appear on that date.

On December 18, 1959, the court entered an order denying the petition to vacate. On December 28, 1959, petitioner filed a supplemental petition on the ground

440

that respondent's petition was "for full and final fees" and that it appeared from the record that the order allowed him $15,000 for "defending the will contest" only. The same day an order was entered denying the supplemental petition. From the orders of November 27, 1959, December 18, 1959, and December 28, 1959, petitioner has prosecuted this appeal. The principal question to be decided is whether the court should have vacated the order of November 27, 1959, on the ground that the fees were execessive.

■ In the recent case of Widicus v. Southwestern Elec. Co-operative, 26 Ill.App.2d 102, 167 N.E.2d 799, a default judgment was entered in favor of plaintiff in the sum of $35,000. The only explanation made by the defendant's attorney was that he was misled by a mark in a diary kept in his office. The Appellate court considered the matters that should govern the action of a court upon an application to set aside a default. The court referred to the applicable statute, Chap. 110, sec. 50(6), Ill. Rev. Stat., which provides that "The court . . . may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon *any* terms and conditions that shall be reasonable." (Emphasis supplied.) The court said, page 107:

> "History will reveal that the courts of Illinois have been liberal in setting aside defaults entered at the same term, and that where there has been no trial on the merits, the courts' discretion is usually exercised in favor of granting the motion."

The court then considered the many cases cited to support the proposition that a motion to set aside a default must show a meritorious defense and a reasonable excuse for not having made that defense in time. The court pointed out that prior to the 1933 amendment, the statute provided that a default may be set

aside "upon good and sufficient cause, upon affidavit. . . ." Sec. 58, Practice Act of 1907. Since the amendment, the quoted part has been deleted and now a default may be set aside "upon any terms and conditions that shall be reasonable." The court concluded from this that under the present act, the discretion is invoked when necessary for the prevention of injury and in the furtherance of justice. The court said, page 109:

> "Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. . . .

> "The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

It goes without saying that carelessness in responding to the call of cases can impede the administration of justice, but on the other hand, in a metropolitan area with its multitude of courts, the most diligent lawyer can be confronted, through slight error or confusion on the part of himself or a clerk, with a serious default against his client. In such a case, entry of a default is too harsh a punishment for the failure. We also take notice of the fact that petitioner's attorneys are located within the central business district, five or ten minutes walk from the courthouse, and that a telephone call would undoubtedly have produced quick action on their part. It is in that light that we must view the case before us.

■ Respondent first petitioned for the allowance of fees in the amount of $4500 on March 25, 1958. To this, an answer and objection was filed by petitioner. On May 9, 1958, respondent filed a supplemental petition, presenting what he considered to be reasonable value of services in the sum of $15,000, and praying for $7500. On May 13, 1958, petitioner filed an answer and objection. On June 5, 1958, respondent was allowed $1000 on account. On July 10, 1958, the petitions were denied, respondent was permitted to retain the $1,000, and an order was entered holding fees in abeyance until the final report. On March 30, 1959, leave was given to respondent to file a final petition for fees. On April 15, 1959, the matter was continued generally on notice. On November 5, 1959, hearing was set on respondent's motion, as previously stated, for November 27, 1959. It is thus observable that petitioner and his attorneys were keenly alert to the defense of this case up to the time of the ex parte hearing. The record also showed that the former judge sitting in this matter had held the question of fees in abeyance until the filing of the final report. We think that on that past record the trial court should not have denied petitioner an opportunity to defend, if he made a showing that he had a meritorious defense in that the fees were excessive.

■ We will proceed next to consider whether there was a showing that the fees awarded were excessive. We restrict our consideration of this question to the facts admitted by the pleadings. To these we may apply our own independent judgment. Lee v. Lomax, 219 Ill. 218, 221, 76 N. E. 377; Metheny v. Bohn, 164 Ill. 495, 499, 45 N. E. 1011; Gilbert v. Lloyd, 170 Ill. App. 436, 449; In re Estate of James, 10 Ill.App.2d 232, 240, 134 N.E.2d 638.

■ The $15,000 fee was based on a charge of $50 per hour for trial work and $25 per hour for office

work. The decision of the Probate court could only directly affect property located in Illinois and coming within the jurisdiction of that court. The property amounted to approximately $29,000. A separate proceeding to contest the will had been instituted in Iowa. The answer to the petition avers that the trial judge who heard the will contest had testified that a reasonable fee for trial work in the city of Chicago was $50 per hour and for office work, $25 per hour. While such fees are sometimes charged in matters of importance and involving considerable sums of money, they are much higher than are usual and customary for such services. In an article in 46 American Bar Association Journal 821 (1960), at pages 823–24, Kenneth B. Hawkins, a well known trial lawyer of long experience in this city, states that fees for trial services of defense lawyers range from $100 to $300 per day, the equivalent of $20 to $60 per hour. It will thus be seen that $50 per hour is close to the maximum charged.

In Martin v. Central Trust Co., 327 Ill. 622, 637, 159 N. E. 312, the court held that fees to executors should be based on the value of assets in Illinois, and accepted evidence that the customary, usual and reasonable fee in estates of less than $50,000 is not to exceed three percent, including attorneys' fees. That of course did not include a will contest and we are not suggesting it as a yardstick here, except for the contrast it presents to the more than 50% allowed for attorney's fees in the instant case.

In the case of In re Estate of Jones, 28 Misc. 599, 59 N. Y. Supp. 1020, the Surrogate's Court of New York county had before it a bitter personal controversy with respect to fees. The court stated that the compensation to be paid an attorney was not alone dependent on his ability or success, but that the amount involved should be taken into consideration, citing Randall v.

Packard, 142 N. Y. 47, 56, 36 N. E. 823, and People v. Bond St. Sav. Bank, 10 Abb. N. C. 15. The court felt that this test was peculiarly applicable in the Surrogate's court, whose duty it was to conserve estates and see that persons interested therein obtained their just dues. The court further stated that the estate was small, amounting to about $8,000, and that the fees paid to the executor's attorneys amounted to half that sum and that in spite of the arduous service rendered, the amount was excessive. We think that language is applicable to the instant case.

In the case of In re Estate of James, 10 Ill.App.2d 232, 134 N.E.2d 638, the Appellate court had before it the question of attorney's fees in an estate involving $49,789.87. On a contest of a will, the first trial resulted in a hung jury, and in the second trial the jury returned a verdict setting aside the will. Upon appeal the Circuit court allowed $1400 on the first contest and $900 for the second will contest. The Appellate court affirmed the judgment of the Circuit court and in its opinion, at page 240, stated that the court was not bound to accept the opinion of witnesses as conclusive, but should take into account its own knowledge of the value of the services rendered.

It is argued by respondent that in the absence of a report of proceedings at the ex parte hearing, this court cannot make a determination with respect to the issue of fees. We are not determining that issue. We are basing our conclusions upon the facts alleged in the petition to vacate the judgment and the answer of respondent thereto. On the basis of those admitted facts, we are of the opinion that an adequate showing was made that the fees were excessive and that the trial court should have vacated the order and given petitioner an opportunity to defend.

Certain other matters have been raised, and for the purpose of guiding the trial court in future proceed-

445

ings, we will discuss them. It is alleged in respondent's answer that there was introduced in evidence at the hearing on November 27, 1959, a written settlement agreement between the parties interested in the estate, including petitioner; that this provided, among other things, for a dismissal of the will contest in the Circuit court of Cook county and of another suit filed by petitioner in the state of Iowa, and then provided as follows:

> "In the event there should be insufficient personal assets . . . to pay cost of administration in Illinois and Iowa, including . . . fees for the attorney or attorneys representing the Executor and Ancillary Executor as may be approved by the Court, . . . funds . . . realized from the landlord's share of the crops . . . from the time of Alice C. Hoyman's death to the crop year 1959 shall be first used to liquidate said cost . . . .
>
> "And in the event there should not be sufficient funds to liquidate such expenses, then such excess costs shall be divided into three equal parts, with one part to be paid by Elmer B. Hoyman, one part to be paid by Isabel Hoyman and one part to be paid by Kemmerer Orphan Home."

Whether this is an element to be considered in determination of the fee is a matter we cannot pass upon without having the full agreement before us, together with such explanation thereof as the parties see fit to make. This therefore must be left to the judgment of the trial court upon the hearing of the cause.

It is argued by petitioner that the order of July 10, 1958, holding fees in abeyance until the final report and account, precluded the court from hearing and determining the amount of fees to be allowed for the trial of the will contest. In our opinion the court had the right to depart from the letter of the order of

446

July 10, 1958, and hear the question of fees for the trial of the will contest.

The judgment is reversed and the cause is remanded with directions to the trial court to vacate the orders of November 27, 1959, December 18, 1959, and December 28, 1959, and to hear and decide the issues upon the merits thereof, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.