Edward T. Mieszkowski and Alice Mieszkowski, Plaintiffs-Appellees, v. James P. Norville, Defendant-Appellant.

Gen. No. 64–132.

Second District.

July 23, 1965.

Carbary, Carbary & Chapski, of Elgin, and Robert L. Gorecki of St. Charles (George D. Carbary, Robert A. Chapski, and Robert L. Gorecki, of counsel), for appellant.

Gates W. Clancy, of Geneva (George E. Krippner, of counsel), for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

On January 31, 1964, the defendant, James P. Norville, obtained an order opening up a judgment en-

tered by confession against him and in favor of the plaintiffs, Edward T. and Alice Mieszkowski, in the sum of $14,862.50. The motion to open up the judgment was accompanied by an affidavit setting forth facts suggesting a meritorious defense to the three notes on which the judgment had been confessed. The motion was not accompanied by verified answer as required by Supreme Court Rule 23 (Ill Rev Stats 1963, c 110, § 101.23) but the order vacating the judgment provided that the defendant should have twenty days to file an answer.

Defendant filed a jury demand the day the judgment was opened; however, he failed to file the answer and nothing further transpired until July 22, 1964, when the plaintiffs, by new attorneys, moved to reinstate the judgment and alleged defendant's failure to file an answer. On July 24, the new attorneys filed their appearance for plaintiffs and an order was obtained purporting to reinstate the judgment, but only in favor of the plaintiff, Edward T. Mieszkowski, and in the sum of $12,862. While the order was obtained by plaintiffs' new attorneys, their previous attorneys had not yet withdrawn.

On July 29, a substitution of attorneys was filed on behalf of the plaintiffs and an order was obtained allowing the substitution. On July 31, defendant moved to vacate the order reinstating the judgment. The accompanying affidavit set forth that counsel for defendant, after the judgment by confession was opened, had "exercised their election under the law" to allow their motion and affidavit to stand as an answer, and, thence, had not filed an additional answer to the complaint. The affidavit further set forth that prior to the hearing on plaintiffs' motion on July 24, counsel for defendant had dealt solely with the law firm of record for plaintiffs; and had further ex-

291

amined the file in the office of the Clerk and found no substitution of attorneys or appearance on the part of the attorneys who had filed the motion.

On July 31, 1964, the court denied defendant's motion and on August 14, defendant's present attorneys were substituted for his original attorney and they filed a further motion to vacate the judgment entered on July 24, accompanied by an answer that they proposed to file, and the affidavit of the defendant. The affidavit again set forth facts indicating a meritorious defense to the acts and further stated that the defendant had believed his attorney was adequately representing him; that shortly after the judgment was opened, his attorney advised him that he would be informed of the trial date; that his attorney next talked to him on or about August 3 and told him the judgment was reinstated for some legal reasons, not clearly expressed to him; that he then examined the court records and discovered for the first time that his attorney had not filed an answer and that this was the cause for the judgment being reinstated.

On August 21, 1964, the trial court denied the latter motion to vacate, but reduced the judgment from $12,862 to $7,862, since one of the notes in the sum of $5,000 appeared on its face to have been signed by defendant in a representative capacity. The defendant then prosecuted this appeal.

While the judgment from which the defendant appeals purports to be a "reinstatement" of the judgment by confession, it is, as a practical matter, a judgment by default. The previous judgment was not vacated but was opened up for further proceedings. The defendant filed a jury demand; was ordered to file an answer within twenty days; and the plaintiffs were given twenty days thereafter to file "counteraffidavits and/or reply." The order further stated: "The hearing on the pleadings is continued to a date

after all pleadings are on file to be determined by the Court on motion of either party." It was the intent of the court, that the cause should proceed the same as if it had been commenced by service of summons.

The plaintiffs thereafter came into court and asked for judgment on the ground that defendant failed to file an answer within the time ordered by the court. This was, in essence, a motion for a default judgment. The judgment as finally entered was in favor of one of the two judgment creditors and for a substantially lesser amount than the previous judgment. Due to the somewhat unusual background, we believe that the defendant's motion, made within thirty days after judgment, pursuant to section 50(6) of the Practice Act (Ill Rev Stats 1963, c 110, par 50(6)) must be tested by the standards applied to judgments obtained by default.

This court recently, in Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 181 NE2d 187 (2nd Dist 1962), set forth the standards for guidance in determining whether a default judgment is to be set aside. At page 273, the court held that a motion to set aside a default judgment is addressed to the sound legal discretion of the court and must contain a showing that a meritorious defense can be made to the action and that a reasonable excuse exists for the delay in making that defense.

Other courts have recently exhibited an even more liberal test for determining whether or not such judgment should be set aside. The case of Widicus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799 (4th Dist 1960) is illustrative. At pages 107 and 108, the court stated that a motion to set aside a default judgment rests in the sound discretion of the trial court, and that our courts have been liberal in setting aside defaults entered at the same term, and where there has been no trial on the

merits. The court further pointed out that under section 50(6) of the Practice Act (Ill Rev Stats 1963, c 110, par 50(6)), a court may set aside a judgment on a motion made within thirty days "upon any terms and conditions that shall be reasonable"; and that prior to the 1933 amendment, a default could be set aside only upon "good and sufficient cause, upon affidavit."

In view of the general liberal attitude of our courts in setting aside default judgments, the change in the Practice Act, and the provisions of section 4 of said Act directing its liberal construction to the end that matters may be speedily and finally determined according to the substantive rights of the parties (Ill Rev Stats 1963, c 110, § 4), the court concluded on pages 108 and 109:

> ". . . we do not believe that a court now must categorically determine that a meritorious defense or a reasonable excuse be proven to justify setting aside a default. We believe that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice . . . .

> "The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors. It seems to us that the over-

riding reason should be whether or not justice is being done."

Cases of similar import are: Wolder v. Wolder, 30 Ill App2d 98, 173 NE2d 546 (1st Dist 1961); Kehrer v. Kehrer, 28 Ill App2d 296, 171 NE2d 239 (4th Dist 1960); and In re Estate of Hoyman, 27 Ill App2d 438, 170 NE2d 25 (1st Dist 1960). In Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, 187 NE2d 330 (3rd Dist 1963), the court went even further. After referring to Widicus and the other cited cases, the court, at pages 475 and 476, said these cases reflect the philosophy that, "A default should be entered when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits." The court recognized prior decisions which held that a reviewing court would interfere with a default judgment only when its entry constituted an abuse of discretion by the trial court. It then stated, that it could not say that the trial court had abused its discretion in denying the petition to set aside the default, in that the trial court had grounds for believing that defendant's attorney was careless and indifferent, but that it did not believe it was necessary, under the rules of the cited cases, to determine, as a matter of law, that the trial court had abused its discretion in order to set aside a default. At page 476, the court stated: "We believe the overriding rule that should determine cases of this character, is whether or not justice is being done." The court reversed and remanded the case, and granted the defendant a trial on the merits.

In the instant case, defendant's counsel, through misapprehension or oversight, failed to file his answer within the twenty days as ordered by the court. Although not correct in his assumption, he apparently thought he could let his affidavits stand as his an-

295

swer, and that he would do so. There is some justification for this assumption. The defendant had not proceeded strictly in accord with Supreme Court Rule 23, yet the court opened up the judgment, ordered the defendant to file an answer within twenty days, and gave plaintiff twenty days after the answer was filed to file "counter-affidavits" or a reply.

█ While the acts of an attorney may be imputed to the client (Lamoreaux v. Havranek, 25 Ill App2d 51, 54, 55, 165 NE2d 547 (2nd Dist 1960)), tested by the standards to which we have referred, we believe that the reason set forth for not filing an answer is a reasonable excuse for the failure to present the defense. See In re Estate of Hoyman, supra; and Wolder v. Wolder, supra. Through the slightest error or confusion on the part of his attorney, a client may find himself subjected to a serious default. Inadvertence of counsel should not necessarily be an excuse to vacate a judgment, but likewise, it should not necessarily be a bar to such relief. The failure to present the defense should be examined in light of the circumstances surrounding the case.

Here the several affidavits set forth facts explaining the character of the notes, their execution and purpose and the want of consideration therefor; and that there was no authorization to fill in said notes. The amount of one of the notes on which judgment was originally confessed was deducted from the amount of the judgment as finally entered on the grounds that it was executed by the defendant solely in a representative capacity. If substantiated, the affidavits set forth a meritorious defense.

It does not appear that opening up the judgment will cause a hardship to plaintiffs or jeopardize their position in that no jury had been empanelled to hear this case, and the original judgment stood as security. (Ill Rev Stats 1963, c 110, par 101.23.) Further, the

■■■■■■■■■■■■

plaintiffs are in no position to complain of delay. At any time after February 20, 1964, they could have informed the court that defendant had not filed an answer, yet they took no action in this respect until July 22, 1964. Had the court then directed the defendant to file an answer with some degree of haste, the matter could have been promptly determined, by a jury, on the merits. We recognize that repeated and calculated delays by a defendant can thwart or cause a denial of substantial justice to a plaintiff. However, we do not believe that such delays existed here.

Again, it would have been prudent for defendant's counsel to have appeared at the hearing on plaintiff's motion to reinstate the judgment, which was set for July 24, even though the notice thereof to him was sent by counsel not of record. However, in view of: counsel's reason for not having filed an answer, the purported defense to the notes, the fact that after receiving notice of hearing on plaintiff's motion, counsel checked the court files to determine if an appearance had been filed, we cannot say that the failure of defense counsel to file answer and to appear at such hearing was such disobedience to the court's command as to warrant barring the defendant from obtaining relief from the judgment.

■ The entry of a default judgment against a party litigant is a harsh and drastic action. Frequently, the default is visited upon the litigant, as a vicarious punishment, for the acts or omissions of his counsel. While we recognize that rules of court must be observed if dockets are to be kept current, yet courts must, in a proper case, yield the procedural exactitudes to the more basic rules of fundamental fairness.

■ The setting aside of such judgment should be tested by the principle of fundamental fairness, and should be an exercise of the court's discretion, wherein it seeks the prevention of injury and the

furtherance of justice. In exercising this discretion, it is essential that the court ascertain if some reason exists for the failure to present a defense in apt time; that the court decide whether some meritorious defense exists so that vacating the judgment will not be a patently useless act; and that the court determine if some particular hardship will result to the plaintiff. These determinations should be made, however, within the framework of the legal philosophy that litigation should be determined on its merits, if possible, and according to the substantive rights of the parties. Rights should be determined by default only as a last resort.

Under the circumstances at bar, the defendant's case should have been heard on the merits, and he was entitled to have a jury trial. Accordingly, the order of the trial court of July 24, 1964, reinstating the judgment—the judgment of that date—and the order of August 21, 1964, reducing that judgment, are reversed, and the cause is remanded with directions that defendant's verified answer filed with his motion of August 14, 1964, stand as his answer; and the plaintiff shall be given a reasonable time to plead to said answer. The original judgment by confession, opened upon defendant's motion by order of the court, shall stand as security, and the cause shall be tried on its merits, with jury, if the defendant desires.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.