EASTMAN KODAK COMPANY, Plaintiff-Appellant, *v.* TONY GUASTI *et al.*, Defendants-Appellees.

First District (4th Division)   No. 78-940

Opinion filed January 4, 1979.

Edward S. Margolis, of Teller, Levit & Silvertrust and Louis I. Kessler, of Chicago, for appellant.

Thomas H. Morsch, of Sidley & Austin, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Eastman Kodak Company, appeals from an order of the circuit court of Cook County entered pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), vacating a default judgment previously entered against defendants, Tony Guasti and Jennie Guastadisegni. The only issue presented for review is whether the trial court abused its discretion in allowing the vacation of the default judgment on the basis of the section 72 petition.

We affirm the judgment of the trial court and remand the case for further proceedings.

Plaintiff filed an action against Tony Guasti to collect monies allegedly owing for goods sold by plaintiff to Capri Studios, Inc., an insolvent corporation. Tony Guasti and Jennie Guastadisegni had executed personal guaranties for payment of the account. Defendant, Tony Guasti, appeared *pro se* and answered the verified complaint.

On July 21, 1977, plaintiff was granted leave to file an amended complaint adding Jennie Guastadisegni as a party defendant. Defendants filed a timely *pro se* appearance. On September 12, 1977, defendants, again acting *pro se*, mailed their answer to the amended complaint to the clerk of the circuit court. On September 15, 1977, an *ex parte* default judgment was entered against defendants in the amount of $5,628.90.

Plaintiff's attorney notified defendants, by mail, of the default judgment entered against them. On October 27, 1977, when no action had been taken by defendants to vacate the default judgment, plaintiff instituted citation proceedings against defendants.

On February 15, 1978, defendants, through their attorneys, filed a petition to vacate the default judgment entered on September 15, 1977. In addition to the facts already mentioned, the petition alleged that after defendants received notice of the default judgment they retained an attorney to initiate proceedings to vacate the default; however, the attorney failed to file an appearance or any pleading on defendants' behalf. Defendants subsequently retained new attorneys who appeared and presented the section 72 petition to vacate the default judgment.

The petition also alleged that a meritorious defense was available to defendants against plaintiff's claim. In defense, defendants stated that at the request of Capri Studios, Inc., the credit account extended to it by plaintiff for which defendants had given their personal guaranties was terminated on or about September 5, 1974. The balance then due on the account was paid. No additional obligation accrued to defendants as guarantors after September 5, 1974, and no demand had been made by plaintiff for the amount claimed in the complaint.

Plaintiff responded to the defendants' section 72 petition, alleging that defendants had not exercised due diligence in attempting to vacate

the default judgment. On March 13, 1978, the trial court granted defendants' section 72 petition, vacated the default judgment of September 15, 1977, and ordered that the cause be set for trial. Plaintiff appeals only from that portion of the March 13, 1978, order vacating the default judgment entered against defendant, Tony Guasti.

OPINION

Plaintiff contends that the trial court abused its discretion in granting defendant's section 72 petition since the petition failed to indicate that defendant exercised due diligence in presenting a defense and in proceeding promptly to vacate the default judgment. We disagree.

■■ A petition to vacate a default judgment under section 72 invokes the equitable powers of the court as justice and fairness require, so that one may not enforce a default judgment where it would be unfair or unjust to do so. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) The section 72 petition must allege facts stating an adequate ground for relief and the petitioner's exercise of due diligence in seeking to invoke the equitable powers of the court. (*McDonald v. Checker Taxi Co.* (1976), 44 Ill. App. 3d 345, 358 N.E.2d 95.) The court must consider all the circumstances of the proceedings (*Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376), and liberally construe the scope of the relief available to prevent an unjust result (*Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 365 N.E.2d 375). This court is justified in disturbing the trial court's decision only if it finds that the trial court has abused its discretion. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■ Plaintiff concedes, for purposes of this appeal, that defendant has alleged facts establishing a meritorious defense to plaintiff's claim; thus, the scope of our review is limited to the question of due diligence. Defendant's petition must indicate the exercise of due diligence both in presenting a defense to the law suit and in filing the section 72 petition. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) Plaintiff argues that defendant's section 72 petition is insufficient to explain why defendant failed to appear on September 15, 1977, when the default judgment was entered, or why he waited five months thereafter to file his petition, despite timely notification of the default judgment by plaintiff's attorney.

It has been said that section 72 relief is not intended to relieve a party from the consequences of his own mistake or negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) However, it must be noted that during the proceedings leading to the entry of the default judgment, the defendant represented himself without the assistance of counsel. Equitable considerations are particularly

appropriate where the litigant has appeared *pro se. Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.

■ Here defendant filed a timely appearance and answer to the original complaint. After the complaint was amended defendant again filed a timely appearance and mailed an answer, asserting his defense, to the clerk of the court three days before the default-for-want-of-answer date. These facts must be contrasted with those in *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355, where the order of the trial court vacating a default judgment pursuant to section 72 was reversed on appeal. Unlike the defendant in this case, the defendants in *Lammert* had acquired counsel to represent them. However, their attorney failed to appear, answer or otherwise defend the proceedings leading to the default judgment. Giving special consideration to defendant's attempts to represent himself in this case, we believe the facts alleged in the section 72 petition can be distinguished from the facts in *Lammert* and sufficiently establish defendant's exercise of due diligence in asserting his defense to plaintiff's claim.

■ Defendant's diligence in filing the section 72 proceedings must also be considered. It is clear from the record that the attorney for the plaintiff sent notice to the defendant of the default judgment on the day it was entered and a subsequent notice several weeks later. Plaintiff's counsel suggested that defendant "make immediate arrangements to pay this obligation or hire an attorney." We must balance defendant's undisputed notice of the default judgment against his assertion that, although he retained counsel to pursue a vacation of the default judgment, the attorney failed to take any action on defendant's behalf. Although a party is generally bound by the negligence of his legal counsel, a court may refuse to impute such negligence to the petitioner when mitigating circumstances are present. (*Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 209 N.E.2d 358.) We believe defendant's immediate retention of substitute counsel when it became apparent that his first attorney had failed to take appropriate action in the case and the relatively short interval of time between the default judgment and the filing of the section 72 petition are factors which weigh heavily in defendant's favor. Under these circumstances we cannot say the trial court abused its discretion in sustaining defendant's petition.

■ Finally, even if defendant might have been more persistent in seeking effective legal representation after he was notified of the default judgment, justice and fairness require that the default judgment be vacated. (See *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376.) We agree with the court in *Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 297-98, 209 N.E.2d 358, 362, where it was stated:

"The setting aside of [a default] judgment should be tested by the principle of fundamental fairness, and should be an exercise of the court's discretion, wherein it seeks the prevention of injury and the furtherance of justice. In exercising this discretion, it is essential that the court ascertain if some reason exists for the failure to present a defense in apt time; that the court decide whether some meritorious defense exists so that vacating the judgment will not be a patently useless act; and that the court determine if some particular hardship will result to the plaintiff. These determinations should be made, however, within the framework of the legal philosophy that litigation should be determined on its merits, if possible, and according to the substantive rights of the parties. Rights should be determined by default only as a last resort."

Additionally, we note that in cases such as this, the law, if overcharged with technical severity, can but lead to oppression and an ultimate defeat of the law itself. Plaintiff has not been prejudiced by the vacation of the default judgment. In light of the existence of a potentially valid defense to plaintiff's claim, we believe fairness requires that defendant be given his day in court.

Accordingly, the order of the trial court vacating the default judgment is affirmed, and the cause remanded with directions that defendant be given a reasonable period of time in which to answer, move or otherwise plead with respect to the amended complaint.

Affirmed and remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.