ZEE JAY, INC., Plaintiff-Appellee, v. ILLINOIS INSURANCE GUARANTY FUND, in lieu of Union Indemnity Insurance Company of New York, Defendant-Appellant.

First District (6th Division)   No. 1—89—0419

Opinion filed March 2, 1990.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Robert J. Pugliese, and Paul J. Peralta, of counsel), for appellant.

Kane, Orbish & Propes, of Chicago (Michael J. Kane and Karen A. Kerbis, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Illinois Insurance Guaranty Fund, appeals from the order of the circuit court of Cook County granting the section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) of plaintiff Zee Jay, Inc., to vacate in part a dismissal with prejudice. Defendant contends that the trial court abused its discretion in granting plaintiff's petition to vacate the "with prejudice" portion of the dismissal. Defendant argues that plaintiff never exercised due diligence in pursuing its case and waited nearly one year to attempt to vacate the dismissal. Defendant additionally contends that plaintiff's petition was not supported by the required affidavit and merely attributed plaintiff's previous disregard of court orders to its counsel's negligence.

The underlying cause of action for breach of insurance contract and for money damages arose from property loss due to fire. The fire occurred on April 19, 1983, and in July 1985, Union Indemnity Insurance Company of New York denied coverage. Plaintiff subsequently filed suit on September 16, 1985. Defendant, appearing in lieu of Union Indemnity, denied all material allegations and raised several affirmative defenses based on plaintiff's breach of express or implied policy conditions. These affirmative defenses generally alleged misconduct on the part of plaintiff and its owner, Zeno Toscas.

Defendant served plaintiff with interrogatories and a notice for production of documents on January 8, 1986. Plaintiff was required to respond to these requests by February 6, but failed to do so. On April 22, 1986, defendant's counsel consulted with plaintiff's then counsel requesting compliance with the overdue discovery. Plaintiff's counsel assured defendant's counsel that he would comply within 60 days. Accordingly, defendant's counsel agreed to an extension. On April 26, 1986, defendant confirmed in writing that it agreed to the extension because it had been informed that Toscas had suffered a stroke. Plain-

tiff's counsel, however, failed to comply with the discovery request within the extended time period.

On September 11, 1986, Toscas passed away. Plaintiff's counsel did not contact defendant to inform it of Toscas' death. On December 11, 1986, defendant sought compliance with discovery. Defendant's motion was continued until February 18, 1987, and plaintiff was ordered to comply with all outstanding written discovery by February 5, 1987. Plaintiff did not advise the court or defendant of Toscas' death.

Plaintiff did not comply with the February 18, 1987, order, and on February 24, 1987, defendant renewed its motion to compel. The court granted the motion and issued a second order, marked final, for plaintiff to comply with all outstanding discovery by March 24, 1987. Plaintiff did not file a response by March 24.

On April 28, 1987, plaintiff advised defendant that Toscas had passed away. Plaintiff denied that it had any of the documents requested by defendant. (In its August 9, 1988, section 2—1401 petition, plaintiff stated that it had the documents requested and had tendered them to its counsel.) Plaintiff subsequently filed the answers to defendant's interrogatories, but was unable to answer several of the interrogatories, stating that Toscas was the only person with the requested information. Plaintiff further stated it did not have the names of all its employees who worked at the premises the week of the fire, and answered "unknown" when asked details about a previous fire loss claim made by Toscas.

On April 29, 1987, prior to being served with plaintiff's responses to its interrogatories, defendant filed a motion to dismiss for plaintiff's failure to produce documents. The trial court denied the motion but issued a third order requiring plaintiff to produce the requested documents by May 27. Plaintiff again did not comply.

On June 16, 1987, counsel for both parties appeared at a pretrial conference and the trial court admonished plaintiff that dismissal was imminent if plaintiff continued to ignore discovery deadlines. The court ordered plaintiff to comply with the discovery requests by July 15, 1987. Plaintiff did not comply.

On September 16, 1987, defendant filed a second motion to dismiss. Plaintiff did not file a written response to the motion. After hearing arguments, the court entered an order dismissing plaintiff's action with prejudice for failure to comply with any of the prior discovery orders.

On April 20, 1988, plaintiff filed a section 2—1401 motion to vacate. Plaintiff did not directly serve defendant with its motion for post-judgment relief as required by section 2—1401(b). (Ill. Rev. Stat.

1987, ch. 110, par. 2—1401(b).) Defendant filed a special and limited appearance together with its motion to quash service. On May 31, 1988, the court granted the motion to quash service but granted plaintiff leave to attempt proper service. On August 9, 1988, plaintiff filed and properly served defendant with a section 2—1401 petition to vacate. On January 10, 1989, the court granted plaintiff's motion by vacating the "with prejudice" language of the September 16, 1987, dismissal and amending the dismissal order to be "without prejudice." The court additionally granted plaintiff 39 days to refile its action. In so ruling, the court denied defendant's motion to dismiss.

Defendant contends that the trial court abused its discretion in granting plaintiff's section 2—1401 petition to vacate the prior dismissal with prejudice. Defendant maintains that the case was properly dismissed because of plaintiff's failure to comply with previous court orders compelling discovery compliance.

■ Section 2—1401 provides for relief from final orders and judgments after 30 days from the entry thereof. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a).) In order to obtain relief under section 2—1401, a petitioner must establish that he has a meritorious claim, and that he exercised due diligence, both in presenting the defense or claim to the circuit court in the original action and in filing the 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) Section 2—1401 relief will not be allowed to avoid a judgment resulting from a party's or his attorney's negligence or lack of due diligence in following his case. *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230.

■■ Nevertheless, a petition to vacate under section 2—1401 invokes the equitable powers of the court as justice and fairness may require. (*Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291.) The court must consider all the circumstances of the proceedings and liberally construe the scope of relief available to prevent an unjust result. (*Eastman Kodak Co. v. Guasti*, 68 Ill. App. 3d 484, 386 N.E.2d 291.) The court will consider whether some meritorious position exists so that vacatur of the order will not be a useless act; whether some particular hardship will result from vacating the order; and whether some reasons exist for the failure to present a defense in apt time. (*Cf. Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 209 N.E.2d 358.) These determinations must be made within the framework of the legal philosophy that litigation should be determined on its merits if possible and according to the substantive rights of the parties. (*Mieszkowski v. Norville*, 61 Ill. App. 2d 289, 209 N.E.2d 358.) The court is justified in disturbing the trial court's decision only

if it finds that the trial court has abused its discretion. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

██ We hold that the trial court did not abuse its discretion in vacating the dismissal with prejudice and in entering a dismissal without prejudice. Initially, we note that although defendant urges us to find that the meritorious nature of plaintiff's claim does not raise issues of equity sufficient to justify a relaxation of the due diligence requirements, defendant does not contest the validity of plaintiff's position that it has a meritorious claim. Accordingly, we need not address that element of the section 2—1401 requirements.

Defendant maintains that plaintiff neither exercised due diligence in presenting its original claim nor in filing its section 2—1401 petition. Defendant notes that plaintiff failed to comply with four discovery orders over a three-year period. Defendant additionally points out that plaintiff's section 2—1401 petition is based solely on allegations that plaintiff's initial attorney mishandled the case.

██ Failure to exercise due diligence in presenting a cause of action and in seeking relief from final orders can serve as a sufficient basis to deny relief under section 2—1401. (See, *e.g.*, *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355; *Taxman v. Health & Hospital Governing Comm'n* (1980), 83 Ill. App. 3d 499, 404 N.E.2d 419.) Nonetheless, even when a movant has not necessarily shown due diligence, section 2—1401 relief will be granted if to do so would be in the interests of justice and good conscience. (*Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 425 N.E.2d 1344.) The appellate court will be loathe to overturn a decision on a petition to vacate when that decision rests on equitable considerations unless an abuse of discretion by the trial court is clearly established. *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361.

It is clear that the decision to vacate here was based on equitable considerations. At the hearing on the petition, the trial court expressed surprise at the "with prejudice" language. The court stated that in situations where the basis for dismissal is discovery violations, its practice is to dismiss with leave to refile under section 13—217. (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.) Further, the court noted that this court, in *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22, held that dismissal with prejudice is an inappropriate initial sanction for failure to comply with discovery. In light of these considerations, the court determined that its initial order should be vacated. Significantly, however, the court imposed a limitation on the

time within which plaintiff permissibly could refile its action. Moreover, the court indicated that it would entertain a motion for attorney fees because a substantial amount of time had passed after the entry of the initial order of dismissal before plaintiff did anything to correct that order.

■ In our view, the trial court properly vacated the September 17, 1987, order and entered a new order which accurately reflected its original intent. Our review of the record reveals that the trial court considered all the circumstances of the proceedings and appropriately fashioned its new order so as to serve the interests of both plaintiff and defendant. The new order sanctions plaintiff but does not foreclose it from pursuing its claim. The court also stated that it would consider additional sanctions. We believe that this order better serves the goal of determining cases on their merits, and according to the substantive rights of the parties. Moreover, the new order better reflects our jurisprudence in the area of discovery violations. (See *Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045 (denial of section 2—1401 petition affirmed where order of dismissal with prejudice for discovery violations was tempered by conditions for reinstatement). See also *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 533 N.E.2d 22.) Relaxation of the due diligence requirements here is in the best interests of justice and good conscience. See *Verni v. Imperial Manor*, 99 Ill. App. 3d 1062, 425 N.E.2d 1344.

Moreover, we find that defendant is not prejudiced by the reinstatement of this action. We reject defendant's argument that its efforts to investigate are prejudiced by Toscas' death, as he was in possession of the best information regarding plaintiff's financial information.

The fire occurred on April 19, 1983. Defendant did not interview Toscas until July 1984, 13 months after the fire. It then took only one statement despite a policy provision permitting it to examine Toscas and obtain plaintiff's financial information as often as reasonably required. Yet during the two-year period between the fire and Toscas' stroke, defendant did not seek to examine Toscas further. We note also that since defendant's predecessor had denied coverage for the fire loss in 1985, it is clear that defendant must have been very familiar with the circumstances and the claim.

■ Defendant additionally contends that plaintiff's section 2—1401 petition should have been dismissed for failure to include the required verifications. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).) Defendant points out that such unsupported petitions are insufficient as a matter of law. (*Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill.

App. 3d 753, 357 N.E.2d 187.) The record, however, reveals that plaintiff submitted the verification both to the court and defendant's counsel at the hearing on the section 2—1401 petition. Defendant did not object to its late submission at that time and, accordingly, has not properly preserved that issue for our review. See *Reeves v. Brno, Inc.* (1985), 138 Ill. App. 3d 861, 486 N.E.2d 405.

For the foregoing reasons, the order of the circuit court of Cook County vacating its dismissal with prejudice is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.