Martha J. Penn, for the Use of Ernest Riley, Garnishor-Plaintiff-Appellee, v. Progressive General Insurance Company, a Stock Insurance Company and an Illinois Corporation, Garnishee-Defendant-Appellant.

Gen. No. 50,964.

First District, Fourth Division.

July 29, 1966.

Jonas, Goffen and Steffens, of Chicago (Howard T. Goffen, of counsel), for appellant.

Marcus and Orr, of Chicago (Gale L. Marcus and Wallace W. Orr, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment in favor of plaintiff and against the garnishee-defendant, and a cross-appeal from the denial of plaintiff's motion to tax costs and attorney's fees under section 41 of the Civil Practice Act.

An action was brought by the plaintiff, Ernest Riley, against Martha J. Penn to recover the property damage resulting from the alleged negligence of the latter in driving into his parked automobile. Judgment was entered in favor of plaintiff upon a verdict returned by the jury, and no appeal was taken therefrom. Garnishment proceedings were filed by plaintiff against Progressive General Insurance Company (hereinafter referred to as Progressive), Martha Penn's liability insurer. Progressive admitted the existence of the policy but

denied its liability thereunder (answering "no funds") and asserted that Martha Penn failed to comply with the cooperation clause of the policy. However, this defense was rejected by the court.

According to the stipulated facts the accident occurred on July 3, 1964, within the effective period of the policy; subsequent thereto a proof of loss was executed by Martha Penn and submitted to the defendant pursuant to which it paid for the damages to her automobile (the automobile was financed); on July 7, 1964, Progressive addressed a communication to Martha Penn requesting an accident report; the report was completed and received by Progressive in the mail on July 20, 1964, in which Martha Penn stated that she was traveling north on Ashland Avenue talking to her passenger and the next thing she knew she hit the plaintiff's parked automobile; no further attempt was made to contact Martha Penn until February 11, 1965, at which time Progressive's claim department was instructed to obtain a signed statement from her; on March 15, after being informed by the claim department that Martha Penn was no longer living at 4213 North Sheridan Road (her address on the insurer's records), the attorney for Progressive wrote a letter to her at the aforesaid address in which he requested that she contact him immediately; the letter was returned and marked on the envelope were the words "unclaimed" and "not in during delivery hours"; upon the return of that letter the claim department was again instructed to locate Martha Penn and was "attempting to find her through her place of her employment, International Pancake House, and the Waiters and Waitresses Union." At no time did Progressive attempt to contact her through the company which financed her automobile. Progressive proceeded to trial in the action brought by the plaintiff against Martha Penn even though the latter was never located, after which the aforesaid judgment in favor of the plaintiff was entered.

34

In holding in favor of the plaintiff in the garnishment proceeding the court stated, first, that the defendant had waived its right to deny liability under the policy since it proceeded to trial; and, second, that in any event the defendant failed to prove its affirmative defense of noncooperation.

The circumstances surrounding the contention of waiver in the instant case are substantially similar to those in Durbin for Use of Ferdman v. Lord, 329 Ill App 333, 68 NE2d 537, in which the court held that there had been no waiver, stating at page 340 that:

> [T]he insurer was obligated to defend plaintiff's action, unless the insured had breached the conditions of the policy. At the time of the trial the insurer had no definite knowledge as to the reason why the insured failed to appear. There may have been circumstances, such as the death of the insured, excusing his absence from the trial and failure to communicate with the attorneys, in which event the attorneys would have been obligated to defend the action. They were not obliged to withdraw in order to preserve the insurer's defense of breach of condition. The insured suffered no damage by the defense made in his behalf by the insurer, and the doctrine of waiver, or estoppel in pais, has no application.

We find that since Progressive had no knowledge as to why the insured failed to appear, it did not waive its right to deny liability under the policy on the ground of noncooperation.

With regard to its ruling that Progressive failed to prove its affirmative defense of noncooperation the court stated:

> Further, I'm willing to rule on the basis of the evidence that the insurance company has failed to prove their affirmative defense of noncooperation

on the evidence that I have heard; and that they could have done, I believe, more than they did do, plus the fact that there is no evidence that she ever received any notice at all from the company. She never got the chance not to cooperate. As a matter of fact, she was a very cooperative woman whenever given a chance to cooperate. According to the records, she was very prompt in sending in all notice and claims—Sending in her S. R. 21 Form, sending in the summons, when received.

I can honestly say that this woman should not be prejudiced by the fact that she did move and the insurance company was unable to find her, though I imagine there is a point where they can just do so much.

. . . [T]here is no evidence they ever contacted the very obvious party that is right on the face of the policy—the finance company. If anybody knows where she lives, it is the finance company. You can believe me. There didn't seem to be any efforts to go to Elmhurst Finance, who is the loss payee here, and determine from them where she was; and I imagine, if we set down, we could think of a few more things. . . .

 There is no dispute but that the assertion of noncooperation is an affirmative defense. The burden of proof is upon the garnishee-defendant to establish by a preponderance of the evidence the various affirmative defenses raised in its pleadings. Gregory for Use of Cusimano v. Highway Ins. Co., 24 Ill App2d 285, 164 NE2d 297. The court in that case, quoting with approval from Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Owens, 238 F2d 549, stated at page 300:

"The problem of non-cooperation has a dual aspect: not only what the assured failed to do, but what the insurer on its part did to secure cooperation from an apathetic, inattentive, or vanished policy-

holder, must be considered. Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence. Indeed, such insurance is made mandatory in many states. It would greatly weaken the practical usefulness of policies designed to afford public protection if it were enough to show mere disappearance of the assured without full proof of proper efforts by the insurer to locate him . . . ."

In the instant case the insurance company did not notify Martha Penn when she completed the accident report that it may be necessary to procure a statement from her at a later date with regard to the accident or that she may be required to appear for trial, nor did it contact the finance company in an effort to ascertain her address. We would point out that in every instance when Progressive did request something of Martha Penn she always complied therewith.

We find that since Progressive did not exercise a reasonable degree of diligence in ascertaining the whereabouts of Martha Penn, the court properly found that Progressive failed to prove its affirmative defense of noncooperation.

██ Plaintiff also filed a motion to tax additional costs and attorney fees under section 41 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 41) which provides:

> Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial.

Under the circumstances of this case we find that plaintiff's denial of liability was not made without reasonable

■■■■■■■■■■

cause or in bad faith and therefore the trial judge did not abuse his discretion in denying the plaintiff's motion. Therefore the judgment of the trial court is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.