Melvin Chertack *et al.,* Plaintiffs-Appellees, *v.* John Santangelo *et al.,* Defendants—(Home and Automobile Insurance Company, Garnishee Defendant-Appellant.)

(Nos. 55101, 55215 cons.;

First District—June 1, 1972.

Dale L. Schlafer and John L. Steffens, both of Chicago, for appellant.

Wahler and Pecyna, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Following a jury trial a judgment was entered in favor of the plaintiffs, Melvin and Orabelle Chertack, awarding them $3,246.15 against John Santangelo for personal injuries and property damage resulting from an automobile accident. Garnishment proceedings were begun against the Home and Automobile Insurance Company, Santangelo's insurer. Santangelo had not appeared at the trial and the company answered "no funds" to the garnishment summons and to interrogatories submitted to it. After an evidentiary hearing the court found in favor of the plaintiffs.

The insurance company urges reversal of the judgment on these alternative grounds: the trial court erred in not finding that Santangelo

breached the cooperation clause of his policy by his non-appearance at the trial; erred in finding that the company had not exercised proper diligence in securing his attendance, and erred in excluding evidence which tended to prove its diligence.

Before reaching these issues we are confronted with two preliminary questions: (1) the plaintiffs, contention that neither issue should be considered by this court because the company's answer of "no funds" to the garnishment summons should have precluded the trial court from going beyond the basic issue of whether Santangelo was insured at the time of the accident, and (2) the company's response that the plaintiffs' contention cannot be entertained because of their failure to file a cross-appeal. We must, necessarily, treat these preliminary questions in reverse order.

■■ The plaintiffs, as appellees, may attempt to sustain the judgment of the trial court by any argument, for any reason and upon any basis appearing in the record which shows that the judgment was proper. (*Becker v. Billings* (1922), 304 Ill. 190, 136 N.E. 581; *Merriam v. McConnell* (1961), 31 Ill.App.2d 241, 175 N.E.2d 293.) We regard the plaintiffs' initial contention, although critical of the trial court's method of arriving at its judgment, as doing nothing more than this.

The plaintiffs' position is that the company's answer of "no funds" presented but one issue to the trial court: whether or not the company had insured Santangelo. They argue that since the company acknowledged issuing a liability policy covering him, the trial court should not have permitted evidence as to whether he breached the cooperation clause of the policy by his non-appearance in court. *Brooks v. Goins* (1967), 81 Ill.App.2d 12, 225 N.E.2d 707, is cited to sustain this position.

In *Brooks* a default judgment was entered against the defendant. The liability insurer, as garnishee, answered "no funds" when a summons, notice of garnishment and interrogatories were served upon it. The insurer also answered "no" to an interrogatory asking whether it was the insurer of the defendant on the date of the accident; it further denied, when a notice to admit the fact was served upon it, that it had issued any policy of insurance to the defendant. At the garnishment hearing the plaintiff established that these answers were false and that the defendant was insured by the garnishee. When the insurer argued on appeal that it was not given an opportunity to prove its non-liability due to the defendant's breach of the policy's terms, it was held that it was bound by its answer of "no funds" and by its denial that there was a policy.

■■ The *Brooks* case is readily distinguishable from the present controversy as here the insurer did not deny the existence of a liability policy covering Santangelo. Its answers were at all times truthful and

its defenses, unlike those of the insurer in *Brooks,* were at all times consistent. When a garnishee denies liability one of the objects of the garnishment proceedings is to determine whether there is a debt due from the garnishee to the judgment debtor. (*Roon v. Van Schouwen* (1950), 406 Ill. 617, 94 N.E.2d 880.) Formal pleadings are not required in garnishment. (*Cerone v. Clark* (1969), 110 Ill.App.2d 301, 249 N.E.2d 186.) In *Cerone,* the garnishee, a bank, answered that it held sufficient funds to satisfy the judgments but that the debtor's wife had an interest in his account. At the garnishment hearing the additional defense was advanced orally by the judgment debtor and his wife—that the underlying judgments had been satisfied through a mechanic's lien for foreclosure. The judgment creditor protested that the defense of payment was not at issue because there was no written motion, petition or affidavit setting forth such defense. The trial court held that the defense of payment could be raised without formal pleading and dismissed the garnishment proceeding. In affirming the dismissal, this court stated that in garnishment no formal pleadings are necessary.

In *Levinson v. Home Bank and Trust Co.* (1929), 337 Ill. 241, 169 N.E. 193, the garnishee-bank answered "no funds." At the hearing in garnishment the bank admitted it had funds on hand belonging to the judgment debtor at the time the garnishment summons was served upon it, but offered to show that these funds were offset by a greater debt owed to it by the debtor. This debt had been charged against his account, leaving a debit due to the bank. The creditor's objection to this proof was sustained and judgment was entered against the bank. On appeal the decision was reversed. The reviewing court rejected the judgment creditor's argument that because of the bank's answer of "no funds" the trial court properly excluded its offer of proof. The court stated:

> "It is an elementary rule of pleading that the pleader should allege the ultimate fact to be proved and not allege the evidentiary facts which tend to prove the ultimate fact \* \* \*. Here the ultimate fact to be proved was that the garnishee had 'no funds.' The fact that it had charged off the deposit against the indebtedness \* \* \* was not properly a part of the pleading, but was a matter of proof to sustain the alleged ultimate fact that the garnishee had 'no funds'."

■■ In the present case the insurer alleged the ultimate fact to be proved, that it had no funds upon which Santangelo had any claim; the evidence it produced in no way contradicted its pleadings. The contention that Santangelo had breached the cooperation clause of the liability policy by failing to cooperate with the company in the litigation was consistent with its defense of "no funds" and was a matter properly to

be proved to sustain its allegation of that ultimate fact. Therefore, the trial court did not err in receiving pertinent evidence bearing on the insurer's freedom of liability under its policy.

■■ For an insurer to prove its non-liability upon breach of the cooperation clause, it must establish that it exercised a reasonable degree of diligence in seeking the insured's attendance at the trial and that his failure to appear was due to a refusal to cooperate. (*Ray v. Johnson* (1967), 81 Ill.App.2d 456, 225 N.E.2d 158; *Penn for use of Riley v. Progressive General Insurance Co.* (1966), 74 Ill.App.2d 32, 219 N.E.2d 857.) To show its diligence the company introduced evidence of several communications it had with Santangelo prior to the trial. After it received notice of the filing of the lawsuit, it informed him by letter that it had chosen a law firm to defend him, and that under his policy the company was entitled to complete cooperation. In the beginning Santangelo cooperated with his attorney. He appeared at the appointed time for his deposition. The attorney wrote him on March 19, 1968, stated that his case would be called for trial on March 26, and asked him to phone the law office of the attorney on the afternoon of the 26th so he could be informed when his testimony would be required. Santangelo complied and conversed with his counsel. On April 19th another letter was sent by the attorney informing him that his case had been continued to April 30th. On that day his counsel called him only to learn that he had left the jurisdiction. An investigation revealed that he had moved to California. Attempts to contact him through relatives and friends were unsuccessful. A continuance of the trial was sought so that further efforts could be made to secure his appearance, but the motion was denied and the trial proceeded to judgment.

■■ One assignment of error is decisive of this appeal. At the garnishment proceedings the company attempted to introduce into evidence the March 26th conversation between the attorney and Santangelo. The plaintiffs objected to its competency and the court sustained the objection. The testimony should have been admitted. It was competent and relevant. The attorney's conversation with Santangelo, particularly as to the instructions, if any, he gave him about attending the trial and the understanding reached, if any, about his attendance, was an important link in the chain of proof pertaining to the insurer's diligence. The trial court's findings of fact and law were to the effect that the insurance company had not proved that its policy was willfully breached by Santangelo's non-cooperation and that it had not proved its diligence in securing his attendance at the trial. The exclusion of the telephone conversation substantially prejudiced the company in reference to both

of these findings, particularly the latter one. The judgment must, therefore, be reversed and the cause remanded for a new trial in garnishment. At that time the trial court can determine the proper weight to accord the testimony in relation to all the other facts and circumstances in evidence.

The judgment is reversed.

Reversed and remanded.

McGLOON, P. J., and McNAMARA, J., concur.