MARIE HARTLEY *et al.*, Plaintiffs-Appellees, *v.* CALVIN BERRY, Defendant—(Home and Automobile Insurance Company, Garnishee and Defendant-Appellant).

First District (3rd Division)   No. 82—1096

Opinion filed July 13, 1983.

Lev and Sneckenberg, of Chicago (William J. Sneckenberg, of counsel), for appellant.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Garnishee-defendant, Home and Automobile Insurance Company, appeals from the judgment entered against it in the sum of $17,500 and the orders of the circuit court of Cook County denying its motion for substitution of counsel, and denying it leave to file an affirmative

defense and affidavits in support thereof.

In this suit filed November 3, 1980, plaintiffs, Marie Hartley and Frances Bryan, sought damages for personal injuries and property damage incurred in an accident involving an automobile negligently operated by defendant, Calvin Berry, who was driving and was insured by garnishee defendant, Home and Automobile Insurance Company (Home and Auto). Two attempts were made to effect personal service upon Berry. The first return of service indicated that Berry was "not found," and the second indicated that he had "moved out of state." Plaintiffs then served the Secretary of State pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301), which permits constructive service on out-of-State residents. In late November 1980, Home and Auto was notified of the lawsuit against Berry; however, it made no appearance on his behalf and maintains, at this time, that it was unable to locate Berry. On July 27, 1981, a default was entered against Berry for failure to answer or appear. Subsequently, after prove up, judgment was entered against him and in favor of the plaintiffs in the sum of $17,500. Plaintiffs then served a garnishment summons on Home and Auto. In answer to interrogatories filed on February 1, 1982, Home and Auto denied it was indebted to Berry. On February 25, 1982, the trial court ordered Home and Auto to file a responsive pleading indicating whether the policy issued to Pearline Berry insured Calvin at the time of the accident, and to include in the responsive pleading any policy defense which it might assert. The matter was set over to April 1, 1982, for status report. At the hearing held on April 1, 1982, Home and Auto admitted the existence of a policy covering Berry. The court was further advised that no responsive pleading, including any policy defenses that would be asserted, had been filed as previously ordered. The attorney for Home and Auto told the court that Berry had refused to cooperate when contacted by telephone on March 29, 1982, and that a conflict of interest had arisen which prevented the same law firm from representing both Berry and Home and Auto. A request for continuance so that a different law firm could substitute for Home and Auto was denied, and judgment was entered against Home and Auto for $17,500, plus costs.

On April 21, 1982, Home and Auto, now represented by a different law firm, moved for permission to make a substitution of attorneys for Home and Auto, for leave to file an affirmative defense to the garnishment action, and requested the court to vacate its April 1 judgment. The trial court denied the motion in its entirety.

On April 29, 1982, Home and Auto moved to file affidavits in

support of its motion for leave to file an affirmative defense, and for a rehearing on its previous motion. The trial court denied the motion. Home and Auto included the motion and supporting affidavits in the record on appeal. On plaintiffs' motion to this court, we struck that portion of the record. However, pursuant to Home and Auto's motion to reconsider filed in this court, we hold that Home and Auto properly included those affidavits in the record on appeal. Under the circumstances of this case, we cannot determine whether the trial court abused its discretion in denying Home and Auto the right to file an affirmative defense unless the affidavits supporting that defense are a part of the record on appeal. See *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436, 318 N.E.2d 162.

Home and Auto first contends that the trial court erred by denying its motion for leave to file an affirmative defense in the garnishment action. Home and Auto maintains that "[w]hen a garnishee denies liability one of the objects of the garnishment proceedings is to determine whether there is a debt due from the garnishee to the judgment debtor," citing *Chertack v. Santangelo* (1972), 6 Ill. App. 3d 201, 204, 285 N.E.2d 209. Therefore, it is argued that garnishee defendant, Home and Auto, should have been allowed to raise the defense of noncooperation at the garnishment hearing. See *Chertack v. Santangelo* (1972), 6 Ill. App. 3d 201, 205; *Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986, 433 N.E.2d 978.

Under the facts of this case we conclude that Home and Auto should have been granted leave to file the affirmative defense of noncooperation at the hearings on April 1 and April 21, 1982. The affidavits and documents filed by Home and Auto set forth the following: (1) after receiving notice of the lawsuit, Home and Auto made numerous attempts to locate Berry; (2) Home and Auto did not locate Berry until the end of March 1982; (3) at that time Berry indicated to Home and Auto that he had been a continuous resident of Illinois; (4) Home and Auto wished to challenge service on Berry which had been effected pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 10—301) which relates to service upon out-of-State residents; and (5) Berry refused to execute an affidavit concerning his Illinois residency but indicated that he would cooperate with Home and Auto for $500.

■ Under the facts presented in the affidavits, Home and Auto appears to have been diligent in attempting to secure Berry's cooperation. (See *Penn v. Progressive General Insurance Co.* (1966), 74 Ill. App. 2d 32, 219 N.E.2d 857.) However, since Home and Auto was unable to locate Berry, it was prevented from preparing a defense on his

behalf. Moreover, if Home and Auto had made an appearance for Berry, it may have waived its right later to raise the issue of improper service. Furthermore, when Home and Auto did contact Berry, it chose to defend by challenging service of process. Berry, however, refused to cooperate with Home and Auto and requested payment in return for his cooperation. Such action on the part of Berry might have relieved Home and Auto of liability under its policy. Accordingly, we conclude that the trial court erred in denying Home and Auto the opportunity of raising the defense of noncooperation at the garnishment hearing.

Plaintiffs argue, however, that Home and Auto is estopped from raising any affirmative defenses. Specifically, they maintain that Home and Auto violated its contractual duty to defend Berry by allowing a default judgment to be entered against him, and therefore, cannot complain of any subsequent breach or noncooperation by Berry. Plaintiffs rely on *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104, where an insurer denied liability and refused to defend its insured in the underlying negligence action and was estopped from contending at the garnishment hearing that the insured was not covered by the policy. *Clemmons*, however, is distinguishable. There, the insurer was in contact with its insured prior to trial but contended that he was not covered by the policy. Thus the insurance company denied that it had a duty to defend him. Here Home and Auto did not refuse to defend Berry; rather, it could not locate Berry prior to trial and, therefore, Home and Auto was prevented from preparing a defense on his behalf. Furthermore, when Berry was located after the default judgment had been entered against him, Home and Auto did attempt to defend him by challenging service of process. This was the first opportunity that Home and Auto had to prepare a defense for Berry, but he refused to cooperate with its attempts to quash service. Finally, Home and Auto could not have filed an affirmative defense in compliance with the trial court's order of February 25, 1982. Home and Auto did not speak to Berry until March 29, 1982, and, therefore, it discovered, only a few days before the garnishment hearing on April 1, 1982, that Berry would not cooperate with its efforts. Accordingly, we believe that Home and Auto was not estopped at the garnishment hearing from raising the defense of noncooperation and presenting affidavits in support thereof.

Home and Auto also contends that the trial court erred in refusing to allow substitution of counsel where there was an unresolved conflict between the interests of Berry and those of Home and Auto.

However, we need not address this issue since our disposition of the first issue requires a remand of this cause to the trial court.

For the aforementioned reasons, we reverse the judgment of the circuit court of Cook County entered against Home and Auto in the sum of $17,500 and the orders of the circuit court of Cook County denying Home and Auto's motion for substitution of counsel, and denying it leave to file an affirmative defense and affidavits in support thereof, and we remand this cause to the trial court for proceedings consistent with this opinion.

McGILLICUDDY and RIZZI, JJ., concur.