MARIA CRUZ et al., Plaintiffs-Appellants, v. COLUMBUS-CUNEO-CABRINI MEDICAL CENTER et al., Defendants-Appellees.

First District (2nd Division)    Nos. 1—92—2537, 1—93—2378 cons.

Opinion filed May 31, 1994.

634

Gordon & Gordon, Inc., of Chicago (Robert E. Gordon and Lisa Thaviu, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Tyler Jay Lory, Caroline M. Speranza, and Melinda S. Kollross, of counsel), for appellee Matthew Ahranjani.

Ruff, Weidenaar & Reidy, Ltd., of Chicago (Charles E. Reiter III and Todd M. Porter, of counsel), for other appellees.

JUSTICE SCARIANO delivered the opinion of the court:

On January 31, 1984, plaintiffs Maria and Jaime Cruz filed their complaint in the circuit court of Cook County alleging medical malpractice regarding the care and treatment of Maria Cruz during her labor and delivery, and asserting Jaime Cruz' loss of consortium claim. Plaintiffs named as defendants Columbus-Cuneo-Cabrini Medical Center, Dr. Michael T. Feingold, Dr. Anthony Cirrincione (hereinafter Columbus defendants), Dr. Matthew Ahranjani, and Dr. Z. Angelito Flojo.[1] On July 31, 1984, the trial court granted plaintiffs leave to file their first amended complaint and ordered all parties to comply with discovery within the next 28 days.

Over the next year, the trial judge issued several more discovery orders. On January 29, 1986, the trial court ordered that defendants appear for depositions on or before March 15, 1986, that plaintiff Jaime Cruz appear for his deposition on or before March 15, 1986, and that plaintiffs disclose their experts by March 20, 1986. The court also scheduled a status conference for March 20. Plaintiffs failed to disclose their experts by that date.

At the March 20 conference, the court ordered the completion of all depositions of parties and nonexperts by June 1, 1986, that plaintiffs identify their experts by July 1, 1986, and that plaintiffs' experts be deposed by August 1, 1986. A status conference was scheduled for September 11, 1986. A June 7, 1986, letter from

---

[1]Dr. Flojo is not a party to this appeal.

plaintiffs to defendants stated that Dr. Matthew (also referred to as "Dr. Matview") had been "previously disclosed *** as one of our experts" and that plaintiffs were "willing to produce him for a deposition after Dr. Ahranjani's deposition and the other depositions have been completed." The record contains no other indication that plaintiffs complied with the March 20 order.

On June 25, 1986, plaintiffs moved for an extension of time to disclose experts until discovery had been completed, and on August 4, 1986, the court allowed them until December 1, 1986, to disclose their experts and left all other discovery open, subject to further court order. The court also scheduled a pretrial conference for March 27, 1987.

Plaintiffs' counsel failed to appear at the March 27 conference because of a diary error. At that hearing, the trial judge ordered plaintiffs to answer all outstanding interrogatories, including Rule 220 interrogatories (134 Ill. 2d R. 220), and to present their experts for deposition by May 1, 1987. The court also scheduled another pretrial conference for January 8, 1988. Plaintiffs' counsel asserts that he did not receive a copy of this order and that one of the defendants' attorneys informed him only of the new pretrial date; thus, he was unaware of the new discovery deadlines.

On May 4, 1987, plaintiffs moved to vacate the March 27 order and requested the court to reset the pretrial conference for June or July 1987. All of the defendants then moved to dismiss plaintiffs' complaint with prejudice pursuant to Rule 219(c) (134 Ill. 2d R. 219(c)) for failure to comply with the four court orders regarding expert witnesses. The hearing on the motions was set for July 24, 1987, but was continued until July 30 because plaintiffs' counsel had to attend a funeral on July 24.

Plaintiffs' counsel received notice of the July 30 hearing, but he failed to attend, again because of a diary error. At the July 30 hearing, Judge Henshaw, of Saline County, who was temporarily substituting for Judge Bonaguro, the Cook County judge who had been assigned to this case, issued an order dismissing plaintiffs' complaint with prejudice, stating that he had been "fully advised of [sic] the premises." On August 12, plaintiffs moved to vacate the July 30 order pursuant to section 2—1301 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301), but Judge Bonaguro refused, finding that he had no jurisdiction to vacate another judge's final order. The motion was then transferred to Judge Henshaw, who denied it on January 29, 1988, finding that it had not been timely filed since no "file stamped" copy of the section 2—1301 motion existed in the official court file. That order was appealed to this court and we

affirmed in *Cruz v. Columbus-Cuneo-Cabrini Medical Center* (1990), 194 Ill. App. 3d 1037, 551 N.E.2d 1345. Plaintiffs filed their petition for leave to appeal from that decision, but the supreme court denied it in September 1990. *Cruz v. Columbus-Cuneo-Cabrini Medical Center* (1990), 133 Ill. 2d 553, 561 N.E.2d 688.

In the meantime, on December 23, 1987, plaintiffs had filed a section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) seeking relief from the July 30 order dismissing their complaint with prejudice. Plaintiffs' memorandum, filed with the section 2—1401 petition, asserted that the intent of the trial court's discovery orders had been to ensure that defendants' depositions were taken before plaintiffs disclosed their experts. Plaintiffs claimed that it "was almost impossible and impractical" for them to provide expert witnesses until they had defendants' deposition testimony. They argued that if Judge Henshaw had been aware that it is the "customary practice" in Cook County to allow plaintiffs to delay disclosure of their experts until defendants are deposed, that Dr. Ahranjani had not completed his deposition, and that plaintiffs had a motion pending to vacate the March 27 order, he would not have dismissed plaintiffs' complaint with prejudice. Plaintiffs also noted that Judge Bonaguro indicated that if he had heard the motions on July 30, he probably would have dismissed the cause without prejudice. In addition to their request that the court vacate its July 30 order, plaintiffs asked leave to file their Rule 220 interrogatories and to produce their experts for depositions within "a required period of time." In attached affidavits, plaintiffs' attorney, Robert Gordon, stated that the petition was true and correct, and attorney Robert Fisher, who originally filed plaintiffs' action, averred that he was not advised of the continuance from June 24 until July 30 and that he would have attended the hearing if he had known about it.

Plaintiffs did not set their section 2—1401 petition for hearing until March 26, 1991, about six months after the supreme court denied their petition for leave to appeal. On April 23, 1991, Columbus defendants filed a motion to dismiss plaintiffs' section 2—1401 petition pursuant to section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) and Cook County Rule 2.3 (requiring movants to call their motions for hearing within 90 days of filing). Dr. Ahranjani filed a separate motion to dismiss. Because of his busy schedule, plaintiffs' counsel waited until July 3, 1991, to move for leave to file a memorandum of law, an additional affidavit, and an answer to Dr. Ahranjani's motion to dismiss. (Plaintiffs did not respond to Columbus defendants' motion to dismiss.) In their memorandum, plaintiffs reiterated the arguments in their earlier memorandum and stated that

they "filed *** answers to Rule 220 Interrogatories before Judge Bonaguro in his chambers" on August 5, 1987. Like the motion to vacate, these answers, although notarized on June 24, 1987, were not file-stamped.

On July 10, 1992, Judge Henshaw denied plaintiffs' section 2—1401 motion. Plaintiffs now appeal (case number 1—92—2537).

Plaintiffs subsequently moved this court for leave to supplement the record with, *inter alia*, a letter they sent to Judge Henshaw on December 22, 1987, and their notice of motion for a March 26, 1991, hearing on the section 2—1401 petition with attached post-office receipts. Plaintiffs contended that these documents were before the circuit court and would provide us with the factual background necessary to an adjudication of their appeal. On February 19, 1993, we denied the motion without prejudice regarding those documents and granted plaintiffs leave to file "duly stamped copies" by March 2, 1993. Since plaintiffs did not have stamped copies of the documents, they returned to the circuit court of Cook County and moved to have the documents added to the record. Plaintiffs also moved to file a supplemental submission in support of their motion. The motions were transferred to Judge Henshaw, who denied them on June 15, 1993.

Plaintiffs timely appealed from that order (case number 1—93—2378) and both appeals were consolidated.

## I

Plaintiffs first argue that Judge Henshaw abused his discretion when he denied their section 2—1401 petition to vacate his order dismissing their complaint. Plaintiffs base their contention on their claims that: they satisfied statutory requirements; dismissal with prejudice was too harsh since they did not ignore discovery deadlines; defendants were uncooperative in discovery; and Judge Henshaw failed to follow First District Appellate Court guidelines on discovery sanctions when he dismissed the complaint with prejudice.

■ Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) provides a statutory mechanism whereby final judgments, decrees, and orders may be vacated over 30 days after their entry. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(a).) In contrast to a section 2—1301(e) motion to vacate a judgment or order (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e)), where the primary concern is whether it is reasonable, under the circumstances, to force the opposing party to go to trial, section 2—1401 is a less liberal provision with stringent requirements for the petitioner. (See *Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 25, 479 N.E.2d

1040, 1043.) In order to qualify for relief under section 2—1401, the petitioner must show by a preponderance of the evidence: (1) a meritorious defense or claim in the original action; (2) due diligence in pursuing the defense or claim in the circuit court; and (3) due diligence in presenting the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386.) The petition must be supported by affidavit or other showing of matters not of record. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(b).) A section 2—1401 petition is not a continuation of the original proceeding but, rather, is a new cause of action designed to apprise the court of facts not of record which, if known to the court at the time of the original proceeding, would have prevented entry of the judgment or order. (*In re Marriage of Oldham* (1991), 222 Ill. App. 3d 744, 753-54, 584 N.E.2d 385, 392; *In re Application of County Treasurer & Ex Officio County Collector of Cook County, Illinois, For Order & Judgment of Sale of Lands & Lots Upon Which all or a Part of the General Taxes for 5 or more Years are Delinquent Pursuant to Section 235a of the Revenue Act of 1939, as Amended* (1990), 194 Ill. App. 3d 721, 726, 551 N.E.2d 343, 347, *appeal denied* (1990), 133 Ill. 2d 556, 551 N.E.2d 343.) Accordingly, the filing of a section 2—1401 petition "does not affect the order or judgment, or suspend its operation." (See Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(d).) The propriety of a grant of relief pursuant to section 2—1401 is within the discretion of the trial court, depending on the facts and equities presented; a reviewing court will not disturb its judgment absent an abuse of discretion. *Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

■ Initially, we observe that plaintiffs have failed to include in the record a transcript of the July 30, 1987, hearing on defendants' motion to dismiss their complaint. Consequently, plaintiffs' argument that Judge Henshaw should have vacated his ruling on that motion pursuant to section 2—1401 because he was unfamiliar with the facts and circumstances of this case has no support in the record. The supreme court has held that the appellant has the burden of presenting the reviewing court with a sufficiently complete record of the circuit court proceedings to support a claim of error. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.) Absent such a record, reviewing courts are instructed to assume that the trial court's order comported with the law and was supported by the facts, and any doubts must be resolved against the appellant. (*Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 958-59; *Northern Illinois Gas Co. v. Midwest Mole, Inc.* (1990), 199 Ill. App. 3d 109, 118, 556 N.E.2d 1276, 1283.) We therefore assume that the order dismissing plaintiffs' complaint with prejudice was properly entered. However, notwithstand-

ing the inadequacy of the record, we address the issues plaintiffs raise on appeal.

Plaintiffs assert that they met section 2—1401 requisites. Regarding the requirement of a meritorious claim, Columbus defendants contend that plaintiffs' complaint and petition set forth "mere conclusions" of negligence and defendant Dr. Ahranjani similarly argues that plaintiffs have failed to support their "conclusory allegation" that they have a meritorious claim.

We find that plaintiffs set forth sufficient facts in their first amended complaint and their petition to establish a meritorious claim for purposes of section 2—1401. Plaintiffs' complaint contains 12 paragraphs alleging that Maria Cruz utilized the services of defendants during her pregnancy and delivery and that defendants were negligent in performing an episiotomy resulting in great mental distress, physical injury and her permanent inability to have more children. The complaint also alleges that as a result of defendants' negligence, plaintiff Jaime Cruz suffered a loss of consortium. The section 2—1401 petition includes a cursory recapitulation of the allegations in the complaint. This is sufficient; plaintiffs need not repeat the allegations contained in their complaint to show that they have a meritorious claim. (*Hopkins v. Holt* (1990), 194 Ill. App. 3d 788, 795, 551 N.E.2d 400, 405; see also *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 873-74, 335 N.E.2d 116, 119 (interpreting section 2—1401's predecessor, section 72 (Ill. Rev. Stat. 1973, ch. 110, par. 72)); *cf. Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230 (the defendant, who had not responded to the plaintiff's personal injury complaint, failed to assert a meritorious defense for purposes of his section 2—1401 petition to vacate the default judgment when his affidavit asserted unsupported allegations that the plaintiff's accident occurred on public property rather than defendant's property, that the plaintiff was intoxicated at the time, and that the plaintiff exaggerated his injuries).) Significantly, in the present case, defendants at no time moved to dismiss the complaint for failure to state a cause of action. Ill. Rev. Stat. 1989, ch. 110, par. 2—615.

Plaintiffs next argue that they were diligent in pursuing their section 2—1301(e) motion to vacate, apparently considering that contention sufficient for purposes of their section 2—1401 petition. However, our supreme court has advised that "[i]n determining the reasonableness of the excuse offered by the petitioner, all of the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys." (*Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1387; see also *In re Marriage of Hoppe* (1991), 220 Ill. App. 3d 271, 282, 580 N.E.2d 1186, 1192.) Thus,

it is incumbent upon us to examine all the circumstances of this litigation as they relate to plaintiffs' diligence in pursuing their section 2—1301 remedy.

Plaintiffs maintain that they complied with discovery orders to a reasonable extent given their difficulty in setting a date to complete Dr. Ahranjani's deposition. He cancelled several scheduled depositions and, when he finally appeared on May 30, 1986, he prematurely ended his testimony after less than three hours of questioning. Plaintiffs note that they were deposed and answered interrogatories. Additionally, they point out that they disclosed Dr. Matview in their June 7 letter and indicated that they would produce him for deposition after Dr. Ahranjani's deposition was completed. Plaintiffs also state that they presented their answers to Rule 220 interrogatories at the August 12 hearing on the motion to vacate the July 30 order. However, as we noted above, plaintiffs failed to file those documents until December 23, 1987, when they filed their section 2—1401 petition.

In addition, the record lacks any indication that plaintiffs brought to the trial court's attention problems they were experiencing in obtaining defendants' cooperation in discovery until after their complaint had been dismissed. At the August 12, 1987, hearing, plaintiffs contended that they had an agreement with defense counsel "that the disclosure of experts did not have to occur until all the depositions of the parties and plaintiffs had been taken in this case."[2] Plaintiffs offer no explanation for their failure to inform the court earlier of this "agreement" or of any difficulties obtaining discovery from defendants. Furthermore, in response to plaintiffs' June 25, 1986, motion for an extension of time to disclose their experts, the court, while granting them until December 1, 1986, to disclose experts, ordered that all other discovery remained open, subject to court order. (See *Malek v. Lederle Laboratories* (1987), 152 Ill. App. 3d 493, 499, 504 N.E.2d 893, 896-97 (finding that the plaintiff lacked due diligence when she failed to object to the defendant's limited response to her discovery request), *appeal denied* (1987), 116 Ill. 2d 561, 515 N.E.2d 893.) Section 2—1401 does not function, as plaintiffs would have it, as a talismanic charm granting attorneys another chance to litigate matters that could have been adjudicated in earlier proceedings. (See *Shapira v. Lutheran General Hospital* (1990), 199 Ill. App.

---

[2]Supreme Court Rule 220 specifies that the trial court "shall enter an order scheduling the dates upon which all expert witnesses *** shall be disclosed." (134 Ill. 2d R. 220(b).) Therefore, the court's orders, and not the parties' agreements, control when experts shall be disclosed.

3d 479, 483, 557 N.E.2d 351, 354, *appeal denied* (1991), 136 Ill. 2d 554, 567 N.E.2d 342.) Moreover, the provision will not relieve litigants of the consequences of their attorneys' neglect or inexcusable recalcitrance in the face of court rules or orders. *Shapira*, 199 Ill. App. 3d at 483, 557 N.E.2d at 354; see also *Williams v. Pearson* (1961), 23 Ill. 2d 357, 359, 177 N.E.2d 856, 857.

Plaintiffs further contend that they exhibited diligence in attempting to vacate the July 30, 1987, order dismissing their complaint with prejudice, because they appeared at a hearing on the matter on August 12, 1987. However, their failure to appear for the July 30 hearing, which was rescheduled at their request, and their failure to properly file their section 2—1301(e) motion, precipitating an earlier appeal in this court, demonstrate a lack of diligence. See *Northern Illinois Gas*, 199 Ill. App. 3d at 114-15, 120, 556 N.E.2d at 1280, 1284 (failure to timely file a section 2—1301(e) motion demonstrates a lack of diligence for purposes of a subsequent section 2—1401 petition); *Flisk v. Central Area Park District* (1990), 203 Ill. App. 3d 253, 256, 560 N.E.2d 1160, 1162 (dismissal of first section 2—1401 petition for want of prosecution indicates lack of diligence for purposes of second section 2—1401 petition).

The final requirement under section 2—1401 is a showing of due diligence in presenting the petition. In the present case, plaintiffs filed their petition on December 23, 1987, but failed to set the motion for hearing until March 26, 1991.[3] Plaintiffs explain that they did not act sooner because their appeal of the trial court's denial of their motion to vacate was still pending.

■ Plaintiffs misapprehend the nature of a section 2—1401 proceeding. A section 2—1401 petition commences a new and separate action and does not affect the earlier order or judgment. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1401(b), (d).) An appeal and a section 2—1401 petition may be pursued simultaneously; "[t]he two routes *** may be considered parallel." (*Johnson v. Thomas* (1966), 75 Ill. App. 2d 407, 411, 221 N.E.2d 44, 46-47 (discussing section 72); see also *People v. Partee* (1988), 125 Ill. 2d 24, 35-36, 530 N.E.2d 460, 464-65.) Assuming that we found excusable plaintiffs' delaying until their section 2—1301(e) motion had been disposed of, their waiting another six months after that event to file their notice of motion is inexplicable. Delays in pursuing section 2—1401 petitions are not counte-

---

[3]The notice of motion and certain other documents are not of record and are the subject of plaintiffs' consolidated appeal discussed later. All parties agree, however, that the March 14, 1991, notice of motion informed defendants of a March 26, 1991, hearing date.

nanced, since they manifest noncompliance with the statutory requirement of due diligence. See *Flisk*, 203 Ill. App. 3d at 256, 560 N.E.2d at 1162 (filing section 2—1401 petition four weeks after the trial court lost jurisdiction over the matter showed a lack of diligence); *Shapira*, 199 Ill. App. 3d at 486, 557 N.E.2d at 356 (delay of seven months in filing section 2—1401 petition showed a lack of diligence).

Plaintiffs failed to appear at two hearings, failed to comply with four discovery orders, failed to file a timely section 2—1301(e) motion to vacate, and failed to pursue their section 2—1401 petition within a reasonable time. Furthermore, their section 2—1401 petition does not show that their dereliction was the result of an excusable mistake or that they acted reasonably, and not negligently, under the circumstances. (See *Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1387.) We have repeatedly held that failure to show due diligence in both the original action and in the section 2—1401 proceeding justifies denial of relief under section 2—1401. *Flisk*, 203 Ill. App. 3d at 256-58, 560 N.E.2d at 1163-64 (reversing the trial court's granting defendants relief from a default judgment when they failed to enter an appearance or pleading in the original action, their first section 2—1401 petition was filed four weeks after the trial court lost jurisdiction over the underlying action, and their second section 2—1401 petition was not filed for another 6¹/₂ months); *Central National Bank*, 134 Ill. App. 3d at 26, 479 N.E.2d at 1043 (petitioner bank did not exercise due diligence when it decided to neglect its case, even though the bank claimed that it had an oral agreement with opposing counsel to "sit on the case" for over a year so that it could attempt to procure a buyer for property which was the subject of a foreclosure action); *Northern Illinois Gas*, 199 Ill. App. 3d at 111-13, 116, 556 N.E.2d at 1278-79, 1281 (construing a section 2—1301(e) motion filed over 30 days after entry of judgment as a section 2—1401 petition, and holding that the plaintiff's failure to comply with discovery requests and orders, failure to appear at a hearing on the defendant's motion to dismiss and his failure to file a timely motion to vacate showed a lack of due diligence, precluding section 2—1401 relief).

Based upon the foregoing, we hold that although plaintiffs had a meritorious claim in their original proceeding, they failed to exercise due diligence in pursuing that claim or their subsequent section 2—1401 petition. Not having met the requirements of that provision, plaintiffs were not entitled to relief from the judgment dismissing their claim with prejudice.

Alternatively, plaintiffs urge us to relax the due diligence requirement in order to achieve a just result. See *Yates v. Barnaby's*

*of Northbrook* (1991), 218 Ill. App. 3d 128, 129-30, 578 N.E.2d 174, 175 (affirming trial court's vacating dismissal of plaintiffs' action even though she was not diligent, when the petition was based on circumstances outside the record including a lack of cooperation between her original and substitute counsel), *appeal denied* (1991), 142 Ill. 2d 666, 584 N.E.2d 141; *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 488, 386 N.E.2d 291, 294 (relief from default judgment was proper despite the defendant's lack of diligence when the record showed that he retained substitute counsel as soon as it became apparent that his attorney failed to appropriately handle his case and that he filed a section 72 petition within a reasonable time); *Saeed v. Bank of Ravenswood* (1981), 101 Ill. App. 3d 20, 26-27, 427 N.E.2d 858, 862 (relief under section 72 was proper even though the plaintiff was absent for a court-ordered deposition when the plaintiff was out of the country at the time and he diligently pursued his section 72 remedy upon his return).

Plaintiffs place heavy reliance on *Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 552 N.E.2d 1027, *appeal denied* (1990), 132 Ill. 2d 555, 555 N.E.2d 387, to support their argument that the due diligence requirement should be relaxed in the present case. In that case, the trial court dismissed the plaintiff's action with prejudice for failing to comply with four discovery orders. Seven months later, the plaintiff filed a section 2—1401 petition, and the judge (coincidentally, Judge Bonaguro) vacated the "with prejudice" language from his order, indicating that the change reflected his intent in the original order. We found no abuse of discretion in the granting of section 2—1401 relief, noting that an "appellate court will be loathe to overturn a decision on a petition to vacate when that decision rests on equitable considerations." *Zee Jay*, 194 Ill. App. 3d at 1103, 552 N.E.2d at 1030-31.

Plaintiffs also rely on *Cohen v. Wood Brothers Steel Stamping Co.* (1991), 227 Ill. App. 3d 354, 592 N.E.2d 59. In *Cohen*, the plaintiff failed to comply with discovery requests and was absent from a hearing to prove up his damages. The trial court dismissed the case with prejudice and denied the plaintiff's subsequent petition for relief under section 2—1401. We found it appropriate to relax the stringent due diligence standard in that case because the plaintiff's failure to exercise diligence was attributable to the fact that his attorney "abruptly and unexplicably abandoned both his client and his law firm without attending court and without adequately documenting the files for which he retained responsibility." (*Cohen*, 227 Ill. App. 3d at 360, 592 N.E.2d at 62.) We found that forcing the plaintiff to suffer the consequences of such aberrant behavior would be unjust. *Cohen*, 227 Ill. App. 3d at 360, 592 N.E.2d at 62.

In contrast to *Zee Jay*, the trial judge in the present case clearly did not find that equitable considerations weighed in favor of granting plaintiffs leave to refile their action, and that judgment is not an abuse of discretion, a finding which can be made only "where no reasonable person would take the view adopted by the trial court." (*Vaughn v. Northwestern Memorial Hospital* (1991), 210 Ill. App. 3d 253, 259, 569 N.E.2d 77, 81, *appeal denied* (1991), 139 Ill. 2d 605, 575 N.E.2d 924.) And, unlike *Cohen*, no extraordinary circumstances exist in the case at bar to justify relaxing the due diligence standard in this case.

■ In regard to their section 2—1401 petition, plaintiffs finally argue that dismissal with prejudice as a sanction for discovery violations was too harsh, in spite of the language in Supreme Court Rule 219(c) authorizing such a sanction. (134 Ill. 2d R. 219(c).) When a party fails to comply with discovery orders, Rule 219(c) enables the trial court to enter a default judgment or to dismiss the action with or without prejudice. (134 Ill. 2d R. 219(c).) When a party exhibits deliberate and contumacious disregard for discovery orders, dismissal with prejudice is an appropriate sanction. (See *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1035, 402 N.E.2d 352, 356.) The burden is on the noncomplying party to show that extenuating circumstances or events prevented compliance with discovery orders. *Cedric Spring*, 81 Ill. App. 3d at 1035, 402 N.E.2d at 356-57.

In *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22, *appeal denied* (1988), 123 Ill. 2d 559, 535 N.E.2d 402, the medical malpractice plaintiffs presented such extraordinary circumstances excusing their failure to comply with discovery orders when they showed that their attorney had suddenly left the firm and his replacement, a newly admitted associate, had failed to adequately present their case to potential experts and that one expert whom they had disclosed refused to testify. We found that the trial judge's dismissal with prejudice in that case was too harsh, noting that the purpose of sanctions is to expedite discovery, not to punish dilatory litigants, and that dismissal with prejudice should be ordered only when a party demonstrates "unwarranted disregard of the trial court's authority." *Kubian*, 178 Ill. App. 3d at 196, 533 N.E.2d at 24-25; see also *Brandt v. John S. Tilley Ladders Co.* (1986), 145 Ill. App. 3d 304, 306, 495 N.E.2d 1269, 1271 (dismissal with prejudice was unwarranted when the plaintiff was not residing in Illinois during discovery, but still partly complied with discovery requests); *Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27, 436 N.E.2d 1068, 1072 (dismissal with prejudice was too drastic after the plaintiff failed to appear for

her deposition only once, even though it had been rescheduled several times, and she obeyed discovery orders).

■ In contrast, in the case at bar, plaintiffs have not shown extenuating circumstances excusing their noncompliance with discovery orders and rendering dismissal with prejudice too severe. In fact, plaintiffs' only excuse for their recalcitrance is that they intended to reveal their experts after defendants were deposed.[4] Contrary to plaintiffs' impression that the first district has liberal "guidelines" regarding the imposition of sanctions for discovery violations, under similar circumstances to those presented here, we have held that dismissal with prejudice, while a drastic sanction, was not an abuse of discretion. *Vaughn*, 210 Ill. App. 3d at 261-62, 569 N.E.2d at 78, 81; *Shapira*, 199 Ill. App. 3d at 485-87, 557 N.E.2d at 353-55.

For example, in *Shapira*, the medical malpractice plaintiff, like plaintiffs in the case at bar, failed to disclose their experts for over a year and in contravention of four court orders. Also like the present case, the plaintiff's counsel did not appear for the hearing on the defendants' motion to dismiss, which was held more than four years after the complaint had been filed. Over seven months later, the plaintiff moved to vacate the dismissal, but the trial court denied the motion. He then filed his section 2—1401 petition, claiming that he did not intend to use an expert and that his attorney had had difficulty locating the court file to ascertain the status of his case. The trial court granted relief under section 2—1401, despite its finding that the plaintiff had not exercised diligence. (*Shapira*, 199 Ill. App. 3d at 484, 557 N.E.2d at 352-54.) We reversed, noting that the plaintiff had several opportunities to notify the court of his intention not to use an expert, but failed to do so and that his conduct amounted to "repeated and contumacious disregard of the multiple orders entered by the circuit court." *Shapira*, 199 Ill. App. 3d at 486, 557 N.E.2d at 355-56.

In *Vaughn*, we found that the trial court did not abuse its discretion when it dismissed the plaintiff's complaint with prejudice

---

[4]Plaintiffs also argue on appeal that defendants' motions to dismiss were defective because they failed to conform to Supreme Court Rule 201(k) by omitting a statement that after consultation and attempts to resolve their differences, the parties could not reach an accord. (134 Ill. 2d R. 201(k).) Plaintiffs concede, however, that they waived this issue by not raising it in the trial court. Waiver notwithstanding, we have held that Rule 201(k) language is not mandatory when a party has disregarded court orders on discovery. *Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 150, 496 N.E.2d 1045, 1050.

after he repeatedly failed to appear for scheduled depositions and failed to answer Rule 220 interrogatories. We noted that "[v]iolations of procedural rules designed to expedite litigation cannot be tolerated, especially in light of the ever-growing backlog of cases confronting our courts." *Vaughn*, 210 Ill. App. 3d at 262, 569 N.E.2d at 82-83; see also *Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 885, 412 N.E.2d 608, 611 (dismissal with prejudice for discovery violations was proper even though the plaintiff partially complied with discovery requests, when he was responsible for numerous delays, disobeyed a court order, and gave no adequate explanation for his dilatory conduct).

Like the parties discussed above, plaintiffs have failed to present us with any conceivable justification for the pattern of neglect and disregard for the court's authority they have exhibited throughout this decade-old litigation. Though we are mindful of the severity of the trial judge's order, we conclude that dismissal with prejudice was a condign sanction for such indifference to the procedures which govern our courts and enable litigants to resolve their claims within a reasonable period of time.

## II

Plaintiffs next argue that the trial court erred in denying their motion for leave to file certain documents and for leave to file their supplemental submission in support of their motion to file documents. The documents at issue are a letter from plaintiffs to Judge Henshaw and plaintiffs' notice of motion regarding their section 2—1401 petition. They argue that supplementing the record will "reflect the posture in which this case came before Judge Henshaw." Furthermore, plaintiffs contend that the documents they seek to add to the record show that their section 2—1401 petition was timely motioned. In their December 22, 1987, letter to Judge Henshaw, plaintiffs requested that he "set this [section 2—1401 petition] for hearing at the court's most early opportune time." They went on to state that the court should "hold off entering the order disposing of the 1301 Motion [*sic*] so that the 2—1401 motion can be decided within 30 days from its disposition" and both orders could be appealed simultaneously. The letter also stated that "[i]f the time restraints are not considered by this Court, an appeal of the 1301 Motion [*sic*] will stay all proceedings until that appeal is decided." Plaintiffs contend that this letter, copies of which were sent to defendants, indicates that they were not neglecting their section 2—1401 petition. The notice of motion informs defendants that a hearing on the section 2—1401 petition will be held on March 26, 1991, and copies of undated postal receipts are attached.

Supreme court rules concerning the record on appeal are dispositive of this issue. Rule 321, which deals with the contents of the record on appeal, states that "[t]he trial court record includes any report of proceedings prepared in accordance with Rule 323 and every other document filed." (134 Ill. 2d R. 321.) Rule 329 permits correction of the trial record by stipulation of the parties, by the trial judge, or by the reviewing court or a judge of that court. The rule also provides that "[a]ny controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court." (134 Ill. 2d R. 329.) By this rule, the supreme court adopted the most appropriate procedure for settling controversies regarding whether the record on appeal "conforms to the truth." 134 Ill. 2d R. 329, Committee Comments.

Plaintiffs cite several cases in support of the proposition that any documents before the trial court should be made part of the record on appeal. However, in none of those cases does the appellate court reverse a trial court's denial of a post-judgment motion to add documents to the record. For example, in *Schumann v. IPCO Hospital Supply Corp.* (1981), 93 Ill. App. 3d 1053, 418 N.E.2d 161, we granted leave to defendant to supplement the record with deposition transcripts, even though they were not file-stamped, after finding that the depositions were properly taken and signed, that they were presented to the trial judge in open court, and that he considered them in his summary judgment ruling. (*Schumann*, 93 Ill. App. 3d at 1055, 418 N.E.2d at 162-63.) And, in *Hartley v. Berry* (1983), 116 Ill. App. 3d 348, 452 N.E.2d 97, we found that affidavits supporting the defendant's affirmative defense were properly included in the record when those documents were necessary to the resolution of whether the trial court had abused its discretion in denying the defendant's motion to file an affirmative defense. (*Hartley*, 116 Ill. App. 3d at 350, 452 N.E.2d at 99.) Finally, in *Marion Metal & Roofing Co. v. Wood* (1993), 243 Ill. App. 3d 890, 612 N.E.2d 1049, we invoked our authority under Rule 329 and granted the plaintiff's motion to supplement the record with letters to the defendant providing him with notice of a proposed order for preliminary injunction when the defendant denied receiving notice of the proposed order before it was entered. *Marion Metal*, 243 Ill. App. 3d at 893, 612 N.E.2d at 1051.

In the case at bar, we granted plaintiffs' motion to supplement the record on the condition that they obtain file-stamped copies of the proffered documents by March 2, 1993. This they did not do. The trial court judge, who obviously is best situated to make the determination, apparently found that the documents were not presented to him and/or that he did not consider them when he denied plaintiffs'

section 2—1401 petition to vacate. See *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679, 680 (denying the plaintiff's motion to supplement the record with a transcript of the hearing in the trial court when the trial judge refused to certify the transcript, the basis of that decision was not presented to the reviewing court, and the transcript contained no evidentiary matters, only legal argument); *State Farm Mutual Automobile Insurance Co. v. Stuckey* (1983), 112 Ill. App. 3d 647, 649-50, 445 N.E.2d 791, 792-93 (denying the petitioner's motion to supplement the record with a transcript of arbitration proceedings when the transcript was not filed in the trial court or considered by the trial judge).

Interestingly, the documents plaintiffs seek to have added to the record do not aid their case. The letter to Judge Henshaw erroneously states that an appeal of his ruling on plaintiffs' section 2—1301 motion would stay all other proceedings regarding their section 2—1401 petition. However, as discussed above, the section 2—1401 petition is a separate action which can be pursued while an appeal of the original action is pending. The notice of motion apprised the parties that a hearing on the section 2—1401 petition would be held on March 26, 1991, a date defendants convincingly argue manifests a lack of diligence in pursuit of the section 2—1401 petition. Finally, the copies of postal receipts are not dated and thus fail to indicate the date of service by mail.

Plaintiffs, therefore, have presented no authority to support their contention that we should reverse the trial court's order denying their motion to supplement the record. Furthermore, the documents at issue are not necessary to "present fully and fairly the questions involved." (134 Ill. 2d R. 329.) Accordingly, we affirm the trial judge's order.

## III

■ Finally, we consider defendants' motion, taken with the case, to strike portions of plaintiffs' brief which refer to the documents discussed above. Plaintiffs included in the appendix to their brief copies of their December 22, 1987, letter to Judge Henshaw and their notice of motion regarding their section 2—1401 petition. These documents were not part of the record when plaintiffs filed their brief, as they concede, and because we are affirming Judge Henshaw's refusal to permit plaintiffs to supplement the record with the documents, they remain outside the record. Although we considered these documents for purposes of plaintiffs' appeal in case number 1—93—2378, we agree with defendants that inclusion of these documents in plaintiffs' brief violates Supreme Court Rule 321 (134

Ill. 2d R. 321) and numerous holdings of this court. (See, *e.g.*, *In re Estate of Marks* (1992), 231 Ill. App. 3d 313, 320, 595 N.E.2d 717, 721, *appeal denied* (1992), 146 Ill. 2d 628, 602 N.E.2d 453; *Denny v. Haas* (1990), 197 Ill. App. 3d 427, 430, 554 N.E.2d 727, 729; *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1989), 186 Ill. App. 3d 955, 958-59, 542 N.E.2d 1294, 1296-97, *aff'd* (1991), 143 Ill. 2d 188, 572 N.E.2d 920.) Therefore, defendants' motion to strike is granted.

In conclusion, we hold that plaintiffs inexcusably demonstrated a lack of diligence throughout this litigation and therefore were not entitled to relief under section 2—1401. We also hold that dismissal with prejudice was an appropriate sanction for the violation of four discovery orders.

Judgments affirmed.

DiVITO, P.J., and McCORMICK, J., concur.